# Commonwealth *v.* Pezzner, Appellant.

*Criminal law—Criminal procedure—Cross-examination of defendant—Previous offenses—Act of March 15, 1911, P. L. 20.*

In a prosecution for feloniously entering a dwelling and stealing whiskey, it was error to permit the district attorney to ask the defendant whether he had ever been in the bootlegging business, where no evidence had been introduced by the defendant to establish his own good character, where no questions had been asked by defendant, of the witnesses for the prosecution with a view to establishing the defendant's character, and where he did not testify against any codefendant charged with the same offense. Such a question was in violation of the Act of March 15, 1911, P. L. 20.

Under the commonly accepted meaning the word "bootlegging" implies the commission of an offense against the State and the United States, and is a term of opprobrium affecting injuriously the character of the person doing it.

The Act of March 5, 1911, does not forbid the discrediting of a defendant's testimony by producing the record of a former conviction.

Argued December 12, 1921. Appeal, No. 31, March T., 1922, by defendant, from judgment of O. and T. Luzerne Co., Nov. Sessions, 1920, No. 55, on verdict of guilty in the case of Commonwealth of Pennsylvania v. William Pezzner. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Indictment for felonious entry and larceny. Before GARMAN, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was the action of the court in allowing the cross-examination of the defendant as quoted in the opinion of the Superior Court.

*M. F. McDonald,* and with him *John H. Dando,* for appellant.—It was error to permit the district attorney to ask the defendant if he had been in the "bootlegging" business. "Bootlegging" is an offense for which the defendant would be liable to prosecution: Act of March 15, 1911, P. L. 20; Com. v. Brown, 264 Pa. 90; Com. v. Garanchoskie, 251 Pa. 247, 251; Ott v. Jordan, 116 Pa. 218, 224; Com. v. Vardelle, 70 Pa. Superior Ct. 241; Act of March 15, 1911, P. L. 20.

*M. H. Salsburg,* Assistant District Attorney, and with him *Arthur H. James,* District Attorney, for appellee.

OPINION BY KELLER, J., March 3, 1922:

The appellant, with four others, was convicted of having feloniously entered the dwelling of one Simon Matulavicz and stolen three barrels of whiskey. He was called as a witness and testified in his own behalf, but introduced no evidence tending to prove his own good character or reputation, no questions were asked on his behalf of the witnesses for the prosecution with a view of establishing his good character or reputation, and he did not testify against any codefendant charged with the same offense. He testified that he was a butcher, engaged in business in another town, denied having entered the prosecutor's dwelling and stolen his whiskey, and swore to an alibi.

On cross-examination the district attorney was permitted to ask him: "Have you ever been in the bootlegging business?" This was objected to as in contravention of the Act of March 15, 1911, P. L. 20, but was allowed by the court because it related to a "kindred offense." The question was of the character forbidden by the Act of 1911 to be asked of a defendant, the circumstances present did not bring it within any of the exceptions mentioned in the act and its allowance constitutes reversible error.

The Act of 1911 provides as follows: "That hereafter any person charged with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation; unless,— One. He shall have at such trial, personally or by his advocate, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or, Two. He shall have testified at such trial against a codefendant, charged with the same offense."

The term "bootlegging" was defined by the court to be, "The selling of whiskey [or other intoxicating liquors] contrary to law," and we think this fairly states its commonly accepted meaning. It implies the commission of an offense against the laws of this State and of the United States, and is a term of opprobrium affecting injuriously the character of the person accused of doing it.

That it was an offense "kindred" to those for which the appellant was being tried is of no moment. It was not the offense for which he was indicted. It is still permissible in certain circumstances, to offer evidence of the commission of distinct but similar offenses by the defendant for the purpose of proving motive, guilty knowledge or intent, or to show him to be one of an organization banded together to commit crimes of the kind charged, etc.: Com. v. Rabinowitz, 73 Pa. Superior Ct. 221; Goersen v. Com., 99 Pa. 388, 398; but since the Act of 1911, this may not be done by cross-examining the defendant himself. Nor does the act forbid the discrediting of a defendant's testimony, by producing the record of a former conviction: Buck v. Com., 107 Pa. 486, 491; 2 Wigmore on Evidence, sections 980, 1270; 1 Greenleaf on Evidence, section 457. It does prohibit the practice

approved in Com. v. Racco, 225 Pa. 113, of permitting a defendant to be cross-examined as to former convictions, unless within the exceptions named in the act: Com. v. Garanchoskie, 251 Pa. 247, 251.

The error was not cured by the defendant's answer in the negative. The act says the defendant "shall not be asked" the questions prohibited. "The wording of the act is mandatory and expressly forbids the asking of a question relating to the commission of another offense, the legislature apparently having in mind that the mere asking of such a question has a tendency to create in the minds of the jury an unfavorable impression of defendant, whether it be entirely without foundation in fact and asked from improper motives, or whether it be based upon fact and defendant is obliged to take advantage of his right to refuse to incriminate himself. To hold the clause 'if asked shall not be required to answer' was intended to operate as an implied recognition of the right to ask the question, as argued by the district attorney, is to ignore entirely the express mandate of the earlier clause and render it ineffective inasmuch as, if such had been the intention, it would have been sufficient to insert only the provision that a defendant in a criminal case shall not be required to answer any question tending to show the commission of another offense": Com. v. Brown, 264 Pa. 85, 90.

It is not our province to pass upon the wisdom of the law. It may be, as Professor Wigmore calls it, "a vicious piece of legislation," making it "easier for astute defenders of villains to juggle their clients out of legal danger": 5 Wigmore on Evidence, section 2276, p. 561. The legislature, nevertheless, had the power to enact it and having done so, we are only called upon to construe it as it is written.

The first assignment of error is sustained. The others specially affecting this appellant, (eighth, ninth and seventeenth), do not call for special consideration and are overruled.

The judgment is reversed and a new trial is awarded.