# Commonwealth *v.* Diagicobbe, Appellant.

*Criminal law—Bribery—Evidence—Admissibility.*

In the trial of an indictment for corrupt solicitation, where no objection is made until the witness had answered the question, and no motion was made to strike out the evidence, it was before the jury, and the court committed no error in briefly referring to it in its charge.

The provisions of the Act of March 15, 1911, P. L. 20, providing that a defendant in a criminal prosecution called as a witness in his own behalf, shall not be asked, and if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he is then charged, extends to the asking of any such forbidden question and is not confined to the answering of it.

Where it is alleged that injury has been done the defendant by the question alone and not by the answer which it evoked, the defendant, to convict the court of error, should ask for the with-

drawal of a juror; otherwise it will be considered that he is satisfied by the court's ruling in his favor, or by the favorable nature of the answer to the question. He should not be allowed two chances. If he does not think the harm done by the question (as distinguished from the answer) sufficient to justify his asking for the withdrawal of a juror before the verdict, he should not be permitted to do so after an adverse verdict.

In the trial of an indictment for soliciting an officer to withdraw an information charging a violation of the law concerning alcoholic liquors, it was held not improper, in the circumstances of this case, for the district attorney to ask the defendant if he had sold liquor to the person charged with the violation of the law. While, ordinarily, the question might be deemed improper, under the Act of March 15, 1911, P. L. 220, the testimony preceding the question shows it to have been the result of a natural development of the facts rather than an attempt to introduce evidence of the commission by defendant of another offense.

A basic and fundamental error, even though not raised in the statement of the question involved, must be considered by the appellate court. Where the sentence pronounced by the court exceeds the maximum imprisonment authorized by the statute for the particular crime, the judgment will be reversed and the record remitted to the court below with directions to resentence the defendant.

Argued March 9, 1925. Appeal, No. 160, April T., 1925, by defendant, from judgment of Q. S. Cambria Co., Sept. Sessions, 1925, No. 218, on verdict of guilty in the cases of Commonwealth of Pennsylvania v. Bernardo Diagicobbe. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Indictment for corrupt solicitation. Before REED, P. J., of the orphans' court, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal of motion in arrest of judgment.

*Philip N. Shettig,* and with him *Charles Hasson,* for appellant.

*Clarence E. Davis,* Assistant District Attorney, for appellee.

OPINION BY KELLER, J., April 28, 1925:

Appellant was convicted of corrupt solicitation of one George Williams, a peace officer of the Borough of Gallitzin by offering him money to withdraw an information which the latter had made against H. E. Schultz for a violation of the law concerning alcoholic liquors. He complains [first assignment] because the court in its charge referred to certain testimony introduced in evidence by the Commonwealth which he claims was irrelevant. As the defense entered no objection until after the witness had answered the question, and no motion was made to strike out the evidence, it was before the jury and the court committed no error in briefly referring to it in its charge. But we are not convinced that the evidence was not relevant. The defendant denied any corrupt solicitation of the officer and alleged that all he did was to offer to go Schultz's bail. It was proper for the Commonwealth to prove that he had also offered money to the justice of the peace before whom the complaint had been entered, if he would change the charge to disorderly conduct. The evidence was directly connected with the transaction involved in the case being tried and was relevant and material as illustrating the knowledge and intent with which the act charged was committed: 9 Corpus Juris 413.

The court did not permit the district attorney to interrogate the defendant when on the witness stand in his own behalf as to the alleged commission of another crime, as charged in the second assignment of error. On the contrary when the district attorney asked the defendant if he had not offered Squire Cosgrove two thousand dollars in another case, and defendant's coun-

sel objected, the court at once sustained the objection and ordered the question and answer, [which was in the negative], to be expunged from the record. This was all that the court was required to do of its own motion. If defendant's counsel felt that his case had been prejudiced by the question to such an extent as to affect the fairness of his trial, he should have asked for the withdrawal of a juror and the continuance of the case. He cannot take his chances of a verdict and if that results unfavorably, then seek a reversal because the court did not do what it was not asked to do. The Act of March 15, 1911, P. L. 20, provides (subject to certain exceptions) that a defendant in a criminal prosecution called as a witness in his own behalf "shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation"; and it has been held that the prohibition of the statute extends to the asking of any such forbidden question and is not confined to the answering of it: Com. v. Brown, 264 Pa. 85, 90; Com. v. Pezzner, 78 Pa. Superior Ct. 286, 289. But where it is alleged that injury has been done the defendant by the question alone and not by the answer which it evoked, the defendant, to convict the court of error, should ask for the withdrawal of a juror; otherwise it will be considered that he is satisfied by the court's ruling in his favor, or by the favorable nature of the answer to the question. He should not be allowed two chances. If he does not think the harm done by the question (as distinguished from the answer) sufficient to justify his asking for the withdrawal of a juror before verdict, he should not be permitted to do so after an adverse verdict. The withdrawal of a juror was asked in Com. v. Brown, supra, p. 89; and although it does not appear in the report of the case, an examination of

the record (p. 321-a) shows a similar motion in Com. v. Pezzner, supra.

The third assignment relates to the action of the court in allowing the district attorney to ask the defendant if he had sold liquor to Schultz, which he answered by saying, he had not. But we are not satisfied that in the circumstances here present the question came within the prohibition of the statute just referred to or that it did the defendant any harm. Schultz, it will be remembered, had been arrested, and was in jail, charged with the unlawful possession of intoxicating liquors. The appellant displayed great interest and activity in securing his release on bail, or discharge from arrest, and the district attorney in cross-examining him as to the reasons for his special interest in the prisoner, asked him whether he was related to him, and upon being answered, No, then asked him, if he had sold him liquor. While, ordinarily, the question might be deemed improper, under the Act of March 15, 1911, supra, the testimony preceding the question shows it to have been "the result of a natural development of the facts rather than an attempt to introduce evidence of the commission by defendant of another offense." The subject has been very recently passed upon by the Supreme Court in Com. v. Cicere, 282 Pa. 492, where the defendant in a murder case was asked whether he had been arrested for bootlegging, and the court in an opinion by Mr. Justice FRAZER, refused to set aside the conviction because of the question, holding that in view of the circumstances of the case and the development of the testimony it was not improper.

We are compelled, however, to sustain the fifth assignment of error,—to the sentence of the court—even though not raised in the statement of questions involved, because the error is basic and fundamental. From the language of the indictment appellant was apparently tried for a violation of the Act of April 29, 1874, P. L. 115. The limit of imprisonment provided in that act,

in case of conviction, is two years simple imprisonment. If, on the other hand, he was convicted under section 48 of the Act of March 31, 1860, P. L. 395, the maximum imprisonment of the attempted briber, as distinguished from the bribed officer, is one year's imprisonment at hard labor. The sentence imposed by the court below included imprisonment in the Western Penitentiary "for a period of not less than one and one-half years and not more than three years." This exceeds the maximum imprisonment authorized by statute. The fifth assignment of error is sustained. The judgment is reversed and the record remitted to the court below with directions to re-sentence the defendant appellant in accordance with law.