## Commonwealth v. Lyman A. Brown, Appellant.

*Criminal law—Trial—Defendant—Cross-examination—Prior conviction—Act of March 15, 1911. P. L. 20.*

On the trial of an indictment for violation of the liquor laws the district attorney asked the defendant on cross-examination if he had at a previous time been under prosecution.

The admission of such evidence was improper and the refusal of a new trial on the ground of its admission was reversible error.

The Act of March 15, 1911, P. L. 20, forbids the cross-examination of a defendant in a criminal case, called as a witness in his own behalf, by asking him "any question tending to show that he has

committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged," unless he shall have at the trial personally or by his counsel, asked questions of witnesses for the prosecution tending to prove his own good character or reputation.

The fact that defendant had been convicted of a similar offense in the court below a short time before; that the district attorney could have put in evidence the record of that conviction for the purpose of affecting the credibility of defendant as a witness did not render the error harmless. The principle involved is not whether the defendant was prejudiced by the question but whether he was deprived of a right given him under the Act of Assembly.

Argued March 13, 1928. Appeal No. 54, October T., 1928, by defendant from sentence of Q. S., Bradford County, No. 6, May Sessions, 1927, in the case of Commonwealth of Pennsylvania v. Lyman A. Brown. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Indictment for violation of liquor laws. Before CULVER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the refusal to withdraw a juror, because of improper cross-examination of defendant.

*W. G. Schrier,* and with him *Lilley & Wilson,* for appellant.

*W. M. Rosenfield,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., March 2, 1928:

Defendant appeals from sentence under the Act of March 27, 1923, P. L. 34, concerning alcoholic liquors. At the trial the district attorney asked him upon cross-examination the following questions: "Q. Were you

here under prosecution at one time? A. I was. Q. How long ago? A. It was last September." Whereupon his counsel made a motion "that a juror be withdrawn; and the case continued over the term, for the improper questioning by the district attorney, and in violation of the statute of the State of Pennsylvania." The sole question presented to us is whether the refusal of this motion was reversible error. We are of one mind that it requires an affirmative answer.

The Act of March 15, 1911, P. L. 20, forbids the cross-examination of a defendant in a criminal case, called as a witness in his own behalf, by asking him "any question tending to show that he has committed or been charged with or been convicted of any offense other than the one wherewith he shall then be charged," unless he shall have at the trial personally or by his counsel, asked questions of witnesses for the prosecution tending to prove his own good character or reputation. It is conceded that no attempt was made by this defendant to prove his good character or reputation. It is well settled that the wording of the Act of 1911 is mandatory. In Commonwealth v. Brown, 264 Pa. 85, 90, Mr. Justice FRAZER said of the act that the legislature apparently had in mind that the mere asking of such a question as is complained of here has a tendency to create in the minds of the jury an unfavorable impression of defendant, whether or not it is based on any foundation of fact, and that the purpose of the act was to avoid the reflection on defendant's character which must necessarily result from the mere asking of such questions. We held in Commonwealth v. Pezzner, 78 Pa. Superior Ct. 289, that the error was not cured by defendant's answer in the negative. Nor are we persuaded that the facts that defendant had been convicted of a similar offense in the court below a short time before, and that the district attorney could have put in evidence the record of that conviction for the purpose of affecting the

credibility of defendant as a witness, rendered the error harmless. To so hold would result in nullifying the act in cases in which the record of a former conviction of the accused of a crime is available as evidence. We cannot adopt the conclusion of the court below that the purpose of the act was to prevent the creation of prejudicial inferences, which might be wholly unfounded, by asking a defendant such questions. An old as well as a first offender is within the protection of the act. The question, therefore, is not merely whether defendant was prejudiced by the question complained of, but whether he was deprived of a right which the act gave him. We are clear that he was. As the motion to withdraw a juror is the proper practice and was promptly made, the sentence may not stand. We have carefully examined the authorities cited by the legal representative of the Commonwealth, who did not try the case in the court below, but find that none of them decide anything in conflict with our conclusions.

The judgment is reversed, and a new trial awarded.