Com. of Pa. *v.* Kaminski, Appellant.

Argued December 7, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*John L. DuBois,* for appellant.

*John Leslie Kilcoyne,* Assistant District Attorney, and with him *Arthur M. Eastburn,* District Attorney, for appellee.

Opinion by Keller, J., January 28, 1932:

The defendant was convicted of unlawfully possessing intoxicating liquors for beverage purposes. There was sufficient evidence to sustain the conviction. He bases his claim to a new trial on two grounds.

(1) In the course of his cross-examination of the corporal of the State Police who raided the defendant's premises and made the arrest, the attorney for the defendant asked him whether he had ascertaind that there were on the defendant's premises five or six

bungalows which were rented out to other people; to which the witness replied he had learned that there were bungalows on the property which the defendant apparently used to rent out at night, but that they were not rented out for any length of time. Defendant's attorney then asked the witness "How do you know that?" to which he replied, "Well, on a former raid—", when he was interrupted; and then under questioning by the court, it developed that on a former raid there, made the same year, while searching the place to see if the liquor laws were being violated, he had found people occupying the bungalows, men and women, who, the defendant told him, were man and wife, or had represented themselves so to be, when they rented the room for the night, as well as some tourists. When asked when this conversation took place the witness stated that he thought it was in March, but could not be positive, adding, "I have the records at the station. I didn't bring them along."

The defendant's attorney made no motion for the withdrawal of a juror at the time, but at the conclusion of the Commonwealth's case moved to withdraw a juror and continue the case, because of this witness' reference to a former raid, which he claimed amounted to a violation of the Act of March 15, 1911, P. L. 20; which motion the court denied.

The Act of 1911, supra, relates to the cross-examination of a defendant in a criminal trial, when testifying in his own behalf. It provides that a defendant, in such circumstances, shall not be asked, and if asked, shall not be required to answer, any question tending to show that he has committed or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation, unless, inter alia, he has given evidence tending to prove his own good character or reputation. It has no ap-

plication here. No question of the character forbidden by the Act of 1911 was asked, or answered by, the defendant when he was on the stand.

The answer of the state police corporal which forms the basis of the appellant's complaint was brought out by the cross-examination of the defendant's counsel in an endeavor to learn how he had obtained his information relative to the use of the bungalows. The witness did not testify that the defendant had been guilty of a prior illegal possession of intoxicating liquors, within two years, though if he had done so it would have been relevant and competent evidence under the indictment: Com. v. McDermott, 37 Pa. Superior Ct. 1, 9; Com. v. Baker, 86 Pa. Superior Ct. 376, 377; Com. v. Grill, 94 Pa. Superior Ct. 330, 332. He used an occasion to fix a date, and in the circumstances of its eliciting, we do not think the court erred in refusing to withdraw a juror and continue the case. Even where there has been a technical violation of the Act of 1911 supra, if the questioning complained of was a natural development of the facts already in evidence, rather than an attempt to introduce evidence of the commission by the defendant of another offense, the court will not be required to withdraw a juror and continue the case: Com. v. Cicere, 282 Pa. 492; Com. v. Diagicobbe, 85 Pa. Superior Ct. 305.

(2) The witness made no reference to the defendant's "police record," such as was condemned in Com. v. Anthony, 91 Pa. Superior Ct. 518, 521. He stated that he could not testify positively as to the date of his conversation with the defendant, on the occasion of the former raid,—although he thought it was in March—, because he had not brought the records with him. It is clear that he had no thought or intention of referring invidiously to the defendant's police record, but was explaining that in the absence of the

official records, he could not be positive as to the date involved.

The assignments of error are overruled and the judgment is affirmed.