## Commonwealth v. Eagon

*James W. Hawkins*, district attorney, for Commonwealth.

*C. J. Crawford*, for defendant.

SAYERS, P. J., May 27, 1935.—The defendant, Allen Eagon, was indicted for the larceny of a motor vehicle, and tried before a jury on December 5, 1934. The taking of the testimony by the court reporter was waived, and only notes of the trial consisted of brief memoranda made by the trial judge.

The defendant, who resided at Washington, Pa., took a motor vehicle belonging to one W. B. Davis, which was parked in the yard or on the road near the house of Henry Shultz, in Franklin Township, Greene County, Pennsylvania, where a dance was in progress at the time. The motor vehicle was taken by the defendant about 10:30 o'clock in the evening and the defendant drove it a distance of some twelve or thirteen miles to a point in Washington County near Harts Mills, on Pennsylvania State Route No. 19, where the stolen motor vehicle, then

being driven by the defendant, crashed into a car coming from Washington, Pa., toward Waynesburg, and the stolen motor vehicle was totally destroyed, and the other car badly wrecked in the collision.

The defendant testified as to being in Waynesburg around nine-thirty o'clock in the evening, and set forth that at his own suggestion he went to the dance with Hestel Huffman, and while there some one near the house suggested to the defendant that they go to Waynesburg and get some whiskey, and that the person to whom the defendant was talking directed the defendant to take the motor vehicle belonging to Davis and go to Waynesburg after the whiskey, and informed the defendant that it would be proper for him to do so.

A Commonwealth witness by the name of Cox testified that the defendant proposed to go after the whiskey himself, and stated that he had a car, and that later the witness saw the defendant seated under the wheel and driving the motor vehicle belonging to W. B. Davis. The defendant did not state who the man was he alleged gave him permission to use the motor vehicle, and when he was arrested, the defendant stated that he had been drinking and did not remember what he had done, and that another man "Shorty", was with him, driving the car when the accident occurred. Defendant further testified that he and "Shorty" came to Waynesburg to get whiskey, and not being able to find any whiskey in Waynesburg, he started to go to Washington to get it. He further testified that if the car he was alleged to have stolen had not been wrecked, he, the defendant would have brought it back to the Shultz home.

Most of the defendant's material testimony was contradicted, was not at all convincing, and apparently had little, if any, weight with the jury.

Defendant himself was sworn as a witness, and during his examination in chief was asked by his counsel, "Did you, at the time you took the car have any intention of

stealing it?" To this the defendant answered, "I had no such intention."

The defendant, after having testified that in taking the car he had no intention to steal it, was cross-examined by the district attorney. Objection to the cross-examination was made by the defendant's counsel, and a common law bill of exceptions to the questions and answers setting forth defendant's objection thereto, was sealed.

The preliminary to the bill of exceptions sets forth that the defendant did not raise the question of reputation either by cross-examination of any witness on behalf of the Commonwealth, or by the introduction of any evidence thereto in his own behalf. The facts are not correctly stated to the bill of exceptions, because the defendant's own counsel had previously questioned him concerning his intention when he took the motor vehicle as heretofore set forth in this opinion.

The questions asked by the district attorney, to which exceptions were taken by the defendant were as follows:

"Have you not previously been convicted of the crime of robbery in the State of Ohio?

"Whereupon counsel for defendant objected to the admission of the question and the answer sought to be elicited from the witness the defendant, as incompetent, irrelevant and immaterial.

"Answer: Yes.

"Question and answer admitted in evidence over the objection of counsel for defendant.

"Are you not at this time under parole from the Ohio State Penitentiary?

"Whereupon counsel for the defendant objected to the admission of the question and the answer thereto sought to be elicited from the witness as incompetent, irrelevant and immaterial.

"Answer: Yes.

"Question and answer admitted in evidence over the objection of counsel for defendant.

"Have you not previously been convicted in Greene County for the crime of larceny of some chickens from a person named Ferguson?

"Whereupon counsel for defendant objected to the question and answer sought to be elicited from the witness, the defendant, as incompetent, irrelevant and immaterial.

"Answer: I was not convicted, I plead guilty.

"Question and answer thereto admitted in evidence over objections of counsel for defendant."

No motion was made by defendant's counsel at the close of the Commonwealth's case, or after the case was finally closed, requesting the court to withdraw a juror and continue the case. The case was submitted to the jury, and the jury found the defendant guilty as indicted on proper and sufficient evidence that carried weight beyond a reasonable doubt. The court charged the jury that they should not consider the evidence of other crimes or independent crimes, as evidence of the defendant's guilt, but they should consider the facts brought out by defendant's cross-examination for the purpose of determining whether or not the defendant intended to steal the motor vehicle.

The testimony of the defendant in chief implied two things with reference to the defendant's character, first, that he was an honest man, and second, that he had not taken the motor vehicle with the mind of a thief, and consequently was not a thief. The defendant averred that the above questions asked in cross-examination by the district attorney violated the prohibition of the Act of March 15, 1911, P. L. 20, sec. 1, 19 PS §711, which reads as follows:

"Hereafter any person charged with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to

show that he has been of bad character or reputation; unless,—

"One. He shall have at such trial, personally or by his advocate, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or

"Two. He shall have testified at such trial against a co-defendant, charged with same offense."

The court believes, as contended by the district attorney, that the testimony of the defendant elicited by his counsel in chief concerning defendant's intention in taking the car, was testimony which in the language of the exception to the act, amounted to "evidence tending to prove his own good character or reputation". The cross-examination to refute the evidence by defendant of his intentions necessarily related to defendant's former conviction for robbery and plea of guilty as to larceny, and the cross-examination was permitted for the purpose of showing that the property taken in the instant case was taken with the mind of a thief, and to refute evidence tending to prove the defendant's implied good character or reputation.

The Act of 1911 refers only to the examination of the defendant himself: Commonwealth v. Kaminski, 104 Pa. Superior Ct. 115. It forbids asking defendant as a witness in his own behalf any question tending to show he had committed another offense: Commonwealth v. Diagicobbe, 85 Pa. Superior Ct. 305. The general rule is stated in Commonwealth v. Pezzner, 78 Pa. Superior Ct. 286, 288, in the following language:

"It is still permissible in certain circumstances, to offer evidence of the commission of distinct but similar offenses by the defendant for the purpose of proving motive, guilty knowledge or intent, or to show him to be one of an organization banded together to commit crimes of the kind charged, etc.: Com. v. Rabinowitz, 73 Pa. Superior Ct. 221; Goersen v. Com., 99 Pa. 388, 398; but

since the act of 1911, this may not be done by cross-examining the defendant himself. Nor does the act forbid the discrediting of a defendant's testimony, by producing the record of a former conviction: Buck v. Com., 107 Pa. 486, 491; 2 Wigmore on Evidence, sections 980, 1270; 1 Greenleaf on Evidence, section 457. It does prohibit the practice approved in Com. v. Racco, 225 Pa. 113, of permitting a defendant to be cross-examined as to former convictions, unless within the exceptions named in the act: Com. v. Garanchoskie, 251 Pa. 247, 251."

The act excepts from its provisions cases where the defendant gives testimony tending to prove his own good character or reputation: Commonwealth v. Robzin et al., 78 Pa. Superior Ct. 290, 292; of course including cases where defendant testifies himself to a matter tending to prove his own good character or reputation. Whether Eagon's testimony was intended to produce the inference that he had no intention to steal, or to induce the jury generally to believe that he was not a thief, it had a tendency to prove defendant's own good character. When defendant voluntarily steps outside the protection of the act by giving testimony tending to prove his own good character, he subjects himself to cross-examination as to other criminal offenses showing he had taken property with the mind of a thief: Commonwealth v. Quaranta, 295 Pa. 264, 272.

"Even where there has been a technical violation of the Act of 1911 supra, if the questioning complained of was a natural development of the facts already in evidence, rather than an attempt to introduce evidence of the commission by the defendant of another offense, the court will not be required to withdraw a juror and continue the case: Com. v. Cicere, 282 Pa. 492; Com. v. Diagicobbe, 85 Pa. Superior Ct. 305": Commonwealth v. Kaminski, supra, page 118.

When defendant objected to improper questions on cross-examination, which he alleges were asked for the purpose of showing that he, the defendant, had been con-

victed of other offenses, and his objections overruled and exceptions to the ruling of the court noted, should he not have moved to withdraw a juror and continue the case? No such motion was made, but the court, in the absence of motion, submitted the case to the jury and charged with reference to defendant's cross-examination, as hereinbefore set forth. It is said in Commonwealth v. Diagicobbe, supra, at page 308:

"Where it is alleged that injury has been done the defendant by the question alone and not by the answer which it evoked, the defendant, to convict the court of error, should ask for the withdrawal of a juror; otherwise it will be considered that he is satisfied by the court's ruling in his favor, or by the favorable nature of the answer to the question.

"He should not be allowed two chances. If he does not think the harm done by the question (as distinguished from the answer) sufficient to justify his asking for the withdrawal of a juror before verdict, he should not be permitted to do so after an adverse verdict. The withdrawal of a juror was asked in Com. v. Brown, supra, p. 89; and although it does not appear in the report of the case, an examination of the record (p. 321-a) shows a similar motion in Com. v. Pezzner, supra."

The court has not been able to find any case where a defendant has been required to answer questions involving former convictions, by the ruling of the court, which indicates that a motion should have been made by the defendant asking the court to withdraw a juror and continue the case. It would seem to be a proper motion to make in every such instance, although the absence of any such motion would not prevent the defendant from relying on an alleged erroneous ruling of the court as a basis for a new trial. In the case of Commonwealth v. Brown, 264 Pa. 85, 90, no objection was made to alleged improper cross-examination at the time, but a motion was later made to withdraw a juror, "based on the admission of the answer to the question the day before, refused."

It would be proper practice under all circumstances for a defendant prejudiced either by improper questions or answers suggesting his conviction of previous offenses, to move to withdraw a juror and continue the case, but where the court overrules defendant's objection to the question, and the defendant answers, his failure to move to withdraw a juror and continue the case would not necessarily prevent him from relying upon the error in the ruling of the court as a reason to sustain his motion for a new trial.

In the present case, the defendant testified in chief in answer to questions by his own counsel that his intentions were not to steal the motor vehicle, but to return it. The court is of the opinion that under the law it was proper for the district attorney representing the Commonwealth, to examine the defendant for the purpose of showing that he had previously been guilty of both robbery and larceny, not for the purpose of showing that he was guilty of the crimes, but to show that he had taken property on previous occasions with the mind of a thief, and therefore it might properly be inferred by the jury that his intent in the present case was to steal.

*Order*

And now, May 27, 1935, after due consideration, and for the reasons above set forth, defendant's motion and reasons for a new trial are overruled and dismissed, and the rule for a new trial is discharged.

From S. M. Williamson, Waynesburg.