## Commonwealth *v.* Horn, Appellant.

430

Argued March 27, 1958. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

Before CARROLL, J., without a jury.

*Louis Lipschitz,* for appellant.

*Domenick Vitullo,* Assistant District Attorney, with him *Juanita Kidd Stout,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., June 19, 1958:

The appellant was tried before a judge without a jury on a charge of operating a motor vehicle while under the influence of intoxicating liquor, in violation of the Act of May 1, 1929, P.L. 905 §620(f) as amended, 75 PS §231(f). He was found guilty and sentenced to six months in jail and a fine of $500.[1] He has appealed this sentence, contending that the trial court should have granted his motion in arrest of judgment, or at least his motion for a new trial.

---

[1] In imposing the sentence the trial judge noted that defendant was on probation after having been convicted of a similar offense.

The defendant was operating his automobile at approximately one o'clock in the morning on a wet, foggy night in the City of Philadelphia. While driving the wrong direction on a one way street, he passed a stop sign without stopping and struck the rear side of another automobile with such force that three children were thrown from it to the street and injured. He admitted that he had been drinking an alcoholic beverage. Odor of alcohol was on his breath. The driver of the automobile which the defendant's car struck testified that the defendant staggered. The defendant appeared "dazed" to a policeman and to the victim. Another policeman, who did not see the defendant until over an hour after the accident, testified that the defendant's face was flush, his eyes bloodshot, and his speech thick. The policeman further testified that in his opinion the defendant was under the influence of intoxicating liquor.

The defendant was examined by a police surgeon in a police station for 10 to 15 minutes starting at 2:35 A.M. This was more than an hour and a half after the accident. The surgeon said that in his opinion the defendant, although having been drinking intoxicants, was not at that time under the influence of intoxicating liquor, and was mentally and physically capable of driving a vehicle safely in traffic.

This, of course, conflicted with other testimony. It was for the fact finder, in this case the trial judge, to determine which was the more credible testimony. The judge indicated that he believed the police officers. We might also note that it would have been possible for the defendant's condition to have changed from being under the influence of intoxicating liquor to sobriety between the time of the accident and the time of the examination by the physician.

A physician's opinion on the question of intoxication is ordinarily entitled to greater weight than that of a layman, but the credibility of all the evidence is for the fact finder. The judge had the right to believe the testimony of the lay witnesses and reject the testimony of the police surgeon, or he had the right to conclude that the defendant was under the influence of intoxicating liquor at the time of the accident even though he may not have been under the influence at the time of his examination over an hour and a half later.

There was sufficient evidence to support the finding of guilt, and the motion in arrest of judgment was, therefore, properly refused.

The appellant contends that he was denied "a fair, impartial and unprejudicial trial as required by the due process clauses of the Constitution of Pennsylvania and the United States."

As we view them, the appellant's complaints can be placed into three categories. The first arises out of the interrogation of the police surgeon by the trial judge; the second out of a remark made by the judge while ruling upon the admission of certain evidence, and the third out of the judge's remarks during the argument made to him by defendant's counsel after the evidence was all presented.

After he had called all the witnesses named on the indictment except two, the district attorney announced that one uncalled witness was an ill six year old boy and the other was the police surgeon who examined the defendant on the night of his arrest. The district attorney stated that he did not desire to call the surgeon, but that he was present at the trial and available to the defendant. Counsel for the defendant then requested the trial judge to direct the district attorney to call the surgeon. The trial judge thereupon

ordered the district attorney to call the witness, and the judge, himself, conducted the direct examination. The district attorney was not required to call this witness, having fulfilled his duty when he made the surgeon available at the trial for the defendant. *Commonwealth v. Danz*, 211 Pa. 507, 522, 60 A. 1070 (1905); *Commonwealth v. Deitrick*, 221 Pa. 7, 15, 70 A. 275 (1908); *Commonwealth v. Giacobbe*, 341 Pa. 187, 195, 19 A. 2d 71 (1941); *Commonwealth v. Palermo*, 368 Pa. 28, 32, 81 A. 2d 540 (1951).

By examining the surgeon, the trial judge enabled the defendant to cross-examine the witness instead of calling him as his own witness. This was advantageous to the defendant. It is true that the trial judge conducted the examination somewhat querulously, but there was nothing in the examination which requires the granting of a new trial.

On direct examination by his counsel, the defendant was asked, "Were you or weren't you fit to drive an automobile at the time of the accident?" The district attorney objected, and after the court overruled the objection, he started to argue with the judge who replied, "I wouldn't worry about it. I will give him wide lattitude, because there is a very strong case against him. He can answer it." The appellant contends that this remark indicates that the presumption of innocence did not continue in his favor throughout the case.

A defendant in a criminal action is entitled to the usual safeguards, and to have all the evidence considered by a judge before his guilt or innocence is determined. Whether the presumption of innocence is overcome is to be determined by the trial judge *after* the introduction of *all* the evidence. *Commonwealth v. Richman*, 132 Pa. Superior Ct. 529, 532, 1 A. 2d 578 (1938).

In the above case a new trial was granted because the court there interrupted the defendant in the middle of his testimony by saying, "I do not understand counsel of the defendants in this case. If you want me to sit as a judge and jury and ask me to believe testimony like that you are making a big mistake. I am telling all of you that. Think of it, a boy like that walks into a pawnship and a transaction takes place and you want me to believe the man did not know it was stolen?", p. 531. There the trial judge indicated he would not believe the defendant and his witnesses who were offering evidence to establish that the defendant who was charged with receiving stolen goods did not know that the article received by him had been stolen. In the case before us, the trial judge was referring to the testimony which had already been presented by the Commonwealth. His reference to that as a "strong case" was no indication that he was unwilling to believe the defendant's evidence. It would have been better to have left the thought unspoken, but we do not consider it to be such evidence of prejudice or bias as to require the granting of a new trial.

Although the same rules of evidence apply to a trial without a jury as to one with a jury, the examination of the records by an appellate court differs in certain respects. In a trial with a jury, a judge's remarks are scrutinized primarily for the purpose of determining their effect upon a jury. In a trial by a judge without a jury, the judge's remarks are examined to determine whether they indicate that the judge is so prejudiced or biased that his mind is not open to conviction by the last evidence presented. In the one case we are interested in the effect of the remark on the minds of the jury, in the other case we are interested in what it establishes to be in the mind of the judge.

Examining the judge's remarks in this light, we are not convinced that they show such prejudice or bias as would prevent his giving due weight to the testimony thereafter presented.

After the evidence was all presented the trial judge, as is customary and proper procedure, permitted counsel for the defendant to argue to the court on the question of the defendant's guilt. In the course of the argument, the defendant's counsel and the trial judge entered into a discussion during which the judge made a remark which the appellant says indicated the trial judge's belief in the defendant's guilt.

It is customary for arguments by counsel directed to a trial judge sitting without a jury to be far less formal than the arguments made to a jury. The trial judge frequently enters into a discussion with counsel concerning both the facts and the law. The informality of these arguments, through the discussion method, not only saves time, but also frequently enables the counsel to discover the court's predilections on particular issues. This gives counsel an opportunity to direct the trial judge's attention to evidence which he may have overlooked on such issues, to argue reasons for the trial judge to believe or disbelieve certain evidence bearing on them, and to emphasize reasons why the court should draw favorable inferences from certain evidence. This, it seems to us, is an advantage to the defendants which would be lost to them if trial judges were required to avoid stating their thoughts during an argument made after all the evidence had been presented. For example, if the trial judge in this case did not believe that the police surgeon made a proper examination of the defendant, is the defendant helped or harmed by learning this from the trial judge, while counsel still has an opportunity to argue the question? It may be some indication of what the ver-

dict will be, but if the evidence has all been heard, we think that justice is furthered by an open and frank discussion with counsel by the trial judge of his beliefs concerning the evidence. If in the course of such discussion the trial judge makes any remarks which indicate his conclusion, it is not grounds for a new trial.

After a careful review of the record we find nothing in it to require the granting of a new trial.

Judgment of sentence is affirmed; and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentences or any part thereof which had not been performed at the time the order of supersedeas was entered.