Opinion by
Ervin, J.,
The appellant, Quirino Taraborelli, also known as Wallace Taraborelli, has appealed from judgment of *358 sentence imposed upon him pursuant to a jury verdict finding him guilty of aggravated assault and battery and cutting on Ralph Nicastro, aggravated assault and battery on Joseph Runyon, and assault and battery on Ann Nicastro. He was sentenced to a term of six months to three years in the Philadelphia County Prison on two of the bills of indictment, the second sentence to be concurrent with the first sentence. Sentence was suspended on the simple assault and battery on Ann Nicastro.
The first contention of the appellant is that there was a violation of due process of law for the Commonwealth not to call to the stand an eyewitness whose testimony the Commonwealth knew would contradict the testimony of its prosecuting witnesses. The question was never raised at the trial. At the time of the argument on the appellant’s post-trial motions, one Isaac Starr, Jr. was produced by the appellant and he stated that a Rose Sparacino had made a statement to the investigating officers at the time of appellant’s arrest contradicting the testimony of the alleged victims. It is stated in the appellee’s brief that the defendant’s attorney knew of the existence of the witness prior to the trial. If this be true, the defense itself could have called the witness. There is no absolute duty upon the district attorney to call such a witness. In Com. v. Campbell, 196 Pa. Superior Ct. 380, 385, 175 A. 2d 324, we said: “Although the Commonwealth must try a case fairly, and the district attorney is not a ‘vindictive seeker for vengeance’, the calling of witnesses is within the discretion of the district attorney under the general supervision of the trial judge. The Commonwealth is not obliged to call all eyewitnesses in a criminal prosecution, nor a particular eyewitness, where the district attorney has reason to believe that the eyewitness is unreliable. Commonwealth v. Horn, 395 Pa. 585, 150 A. 2d 872; Commonwealth v. Palermo, *359 368 Pa. 28, 81 A. 2d 540; Commonwealth v. Repyneck, 181 Pa. Superior Ct. 630, 124 A. 2d 693; Commonwealth v. Lomax, 196 Pa. Superior Ct. 5, 173 A. 2d 710.” See also Com. v. Deitrick, 221 Pa. 7, 70 A. 275; Com. v. Thurman, 167 Pa. Superior Ct. 642, 76 A. 2d 483.
In the case of Com. v. Gockley, 411 Pa. 437, 449, 450, 192 A. 2d 693, Chief Justice Bell said: “Furthermore it is not necessary for the Commonwealth under all circumstances to call at the trial all such witnesses: . . .” For an excellent article on this subject, see Temple Law Quarterly, Vol. 25, No. 3, page 344.
The failure of the district attorney to call the witness was not brought to the court’s attention at the time of the trial. Had it been, the trial judge could have exercised a sound discretion under the circumstances of this case to determine whether the witness should or should not have been called.
The second contention of the appellant is that the district attorney should not have referred to the appellant as a “would-be rapist,” since the appellant’s demurrer to that charge had been sustained by the trial judge. We do not believe that the jury was improperly prejudiced by the remark of the district attorney because the trial judge immediately instructed the jury to not consider the remark. The law is well settled that the effect of remarks addressed to the jury by the prosecuting attorney depends largely upon the atmosphere of the trial and the proper action to be taken in such case is largely a matter for the discretion of the presiding judge: Com. v. Del Giorno, 303 Pa. 509, 519, 154 A. 786; Com. v. Narr, 173 Pa. Superior Ct. 148, 96 A. 2d 155.
The next and final contention of the appellant is that the district attorney should not have argued to the jury that the appellant had been convicted of burglary and larceny and so was more likely to be *360 guilty of the crimes of aggravated assault and battery and assault and battery, cutting, etc., because of his prior conviction.
We have reviewed the record and can find no place in it that indicated that the district attorney intended to use the defendant’s criminal record for any other purpose than to impeach his credibility. The record also indicates that whenever his criminal record was referred to, the trial judge very carefully cautioned the jury as to its proper use. In his charge to the jury, the trial judge again cautioned the jury that this evidence could be considered by them “for no other purpose than to assist ... . in deciding whether he was telling the truth. ...”
We are convinced that the appellant had a fair trial and that he was properly convicted and properly sentenced.
Judgment of sentence is affirmed.