Opinion by
 

 Weight, J.,
 

 On October 7, 1961, following a collision at the intersection of 56th Street and Warrington Avenne in the City of Philadelphia, Donald McLaughlin was charged in Bill of indictment No. 614 April Sessions 1962 with operating a motor vehicle while under the influence of intoxicating liquor, and in Bill No. 615 with assault and battery. On October 8, 1963, jury trial was waived and testimony heard by President Judge Abeaham H. Lipez, specially presiding. The trial judge sustained a demurrer as to Bill No. 615, and adjudged McLaughlin guilty on Bill No. 614. A motion for new trial was overruled, and sentence was imposed. McLaughlin has appealed.
 

 Since the sole question raised on this appeal is the sufficiency of the evidence, it will be necessary to briefly summarize the trial record. Thomas Speak-man testified that the collision occurred at 3:05 A.M., that he was driving north on 56th Street and was struck by a car traveling east on Warrington Avenue, that he remembered nothing after the collision as he was injured seriously and spent forty days in the hospital. Officer Cornelius Herron testified that he and Officer James Powell arrived on the scene at 3.TO A.M., that McLaughlin admitted that he was the operator of the motor vehicle which struck the Speak-man car, that he smelled a strong odor of alcohol on McLaughlin’s breath, that he was incoherent in his speech, staggering in his walk, and “was under the influence of alcohol and could not operate a motor vehicle properly”. Officer Powell testified to the same effect. Dr. Alexander Lieberman, Jr., a City Police and Fire Surgeon called as a witness by the Commonwealth, testified that he examined McLaughlin at 5:20 A.M., that he detected a faint odor of alcohol on McLaughlin’s breath, but that he was not then under the influence. McLaughlin
 
 admitted that he and the two
 
 
 *523
 
 passengers in his car had been drinking and that one of his companions “was drunk”, but stated that he himself was not under the influence. “I was in a few bars but I really didn’t drink that much”. James Potts, one of McLaughlin’s companions related their activities prior to the collision, and stated that McLaughlin was not under the influence of alcohol. James Stevens, McLaughlin’s other companion, was called as a witness but had no recollection of the evening’s events.
 

 It is argued by appellant’s present counsel that the Commonwealth’s evidence is not sufficient to sustain the conviction because its testimony developed “inconsistent proofs”. Eeliance is placed on two cases which are not controlling in the instant factual situation. In
 
 Commonwealth v. McSorley,
 
 189 Pa. Superior Ct. 223, 150 A. 2d 570, we stated that, where two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances, a jury may not be permitted to guess which inference it will adopt. Similarly, in
 
 Commonwealth v. Bozzelli,
 
 188 Pa. Superior Ct. 41, 146 A. 2d 74, we stated that, where the testimony of the Commonwealth develops inconsistent proofs, that fact alone is sufficient to raise a reasonable doubt. However, the testimony of Dr. Lieberman in the case at bar was not necessarily inconsistent with that of the police officers because of the time element involved. His examination was made over two hours after the collision.
 

 There can be no question that the testimony of Officers Herron and Powell justified a finding by the trial judge that appellant was under the influence of intoxicating liquor at the time the collision occurred. Intoxication is a matter of common observation on which the opinions of non-experts are generally admissible:
 
 Turner v. Pennsylvania Liquor Control Board,
 
 161 Pa. Superior Ct. 16, 53 A. 2d 849. The testimony of a physician is not required:
 
 Commonwealth v. Smith,
 
 
 *524
 
 174 Pa. Superior Ct. 533, 102 A. 2d 243. The credibility of the witnesses was for the trial judge, and we must now view the evidence in the light most favorable to the Commonwealth:
 
 Commonwealth v.
 
 Rose, 179 Pa. Superior Ct. 531, 117 A. 2d 797.
 

 The situation in the case at bar is markedly similar to that in
 
 Commonwealth v. Horn,
 
 186 Pa. Superior Ct. 429, 140 A. 2d 847, affirmed 395 Pa. 585, 150 A. 2d 872. In the
 
 Horn
 
 case, the collision occurred
 
 at 1:00
 
 A.M. Two police officers testified that defendant was under the influence of intoxicating liquor. The defendant was examined by Dr. Squillace, a police and fire surgeon, at 2:35 A.M. The testimony of Dr. Squillace was favorable to the defendant. The district attorney announced that Dr. Squillace was available, but the Commonwealth did not choose to call him. At defendant’s request, the trial judge then directed the district attorney to call Dr. Squillace. Notwithstanding his testimony, the trial judge found Horn guilty. His conviction was sustained, both by this court and by our Supreme Court.
 

 In the
 
 Horn
 
 case, Judge Woodside aptly stated “that it would have been possible for the defendant’s condition to have changed from being under the influence of intoxicating liquor to sobriety between the time of the accident and the time of the examination by the physician”. Intoxication results from the absorption of alcohol in the blood stream. Sobriety returns as the alcohol is eliminated. The testimony of Dr. Lieberman in the case at bar was entirely consistent with this sobering process. We are all of the opinion that the verdict of the trial judge was fully warranted by the evidence and should not be disturbed.
 

 The judgment is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with
 
 his
 
 sentence or any
 
 *525
 
 part thereof which had not been performed at the time the order of supersedeas was entered.