Commonwealth *v.* Garnett, Appellant.

114

Argued June 12, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Charles L. Durham,* with him *Calvin T. Wilson, Sr.,* for appellant.

*Vincent C. Veldorale,* Assistant District Attorney, with him *Thomas M. Reed,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., September 17, 1964:

Edward Garnett was indicted by the grand jury of Philadelphia County on Bill No. 1778 March Sessions 1963, charging possession and sale of a narcotic drug. Act of September 26, 1961, P. L. 1664, Section 20, as amended, 35 P.S. 780-20. He entered a plea of not guilty, and was tried before a jury with Judge DOTY presiding. At the conclusion of the Commonwealth's testimony, a demurrer to the evidence was overruled. The jury returned a verdict of guilty. Motions for a new trial and in arrest of judgment were denied, and sentence was imposed. This appeal followed.

Briefly summarized, and viewed in the light most favorable to the prosecution, *Commonwealth v. McLaughlin,* 202 Pa. Superior Ct. 520, 198 A. 2d 419, the evidence established the following factual situation: On October 10, 1962, an officer of the Philadelphia Police Department, while working as an undercover agent for the Federal Bureau of Narcotics, paid appellant the sum of two dollars and received in return two paper packets in cigarette form containing a loose weed. The officer placed these packets in an envelope which he initialed. The envelope was handed to a federal agent, who in turn gave it to the chief chemist of the United States Internal Revenue Department. The

chemist analyzed the weed in the packets and determined that it was marihuana, a narcotic drug.

Appellant first contends that the trial judge erred in not requiring the Commonwealth to produce one Jack Ennis, an alleged eyewitness to the transaction. The name of Jack Ennis was not endorsed on the bill of indictment, and he had not testified before the grand jury. His whereabouts were unknown to the Commonwealth. As a general rule, eyewitnesses should normally be called or produced: *Commonwealth v. Sarkis,* 164 Pa. Superior Ct. 194, 63 A. 2d 360. However, the calling of witnesses is within the discretion of the district attorney under the general supervision of the trial judge: *Commonwealth v. Palermo,* 368 Pa. 28, 81 A. 2d 540; *Commonwealth ex rel. Jones v. Myers,* 201 Pa. Superior Ct. 437, 193 A. 2d 629. "There is no duty on the Commonwealth to call witnesses whose names appear on a bill of indictment or even eyewitnesses, if it believes after examination or investigation that their testimony is unreliable, or unworthy of belief, or surplusage or irrelevant": *Commonwealth v. Horn,* 395 Pa. 585, 150 A. 2d 872. The prosecution is not bound to produce or to call as a witness every person who may have some knowledge of the crime: *Commonwealth v. Gallagher,* 200 Pa. Superior Ct. 136, 186 A. 2d 842. See also *Commonwealth v. Francis,* 201 Pa. Superior Ct. 313, 191 A. 2d 884; *Commonwealth v. Taraborelli,* 202 Pa. Superior Ct. 356, 195 A. 2d 888.

Appellant places reliance on *Commonwealth v. Cramer,* 168 Pa. Superior Ct. 1, 76 A. 2d 661, and *Commonwealth v. Drew,* 190 Pa. Superior Ct. 478, 154 A. 2d 285. In the *Cramer* case, this court granted a new trial because it clearly appeared that the witnesses in question were essential and could have been produced by the Commonwealth. There is no indication in the present record that the Commonwealth made any effort to conceal Ennis or to suppress his testimony. In-

deed, it is stated in the opinion below that "there is nothing in the record to support the statement that Ennis was an actual eyewitness to this transaction". The *Drew* case does not support appellant's contention. It involved (as does the instant case) a charge of possession and sale of narcotic drugs. A continuance was requested until an alleged eyewitness was produced. The continuance was refused by the trial judge, and this court affirmed. And see *Commonwealth v. Grosso*, 169 Pa. Superior Ct. 606, 84 A. 2d 239.

Appellant next contends that the trial judge erred in permitting cross-examination concerning his prior record. Appellant took the stand in his own defense and stated that the police officer had brought the marihuana into his home and asked him "to see whether it was any good or not . . . He wanted my opinion because he knew that I messed with narcotics". What transpired thereafter is summarized in the opinion below as follows: "The district attorney thereupon followed up that gratuitous reply by asking the defendant how long he had been messing with narcotics. The defendant did not answer that question directly at that time.[1] The following day defendant was asked if he knew Officer Davis and he replied, again gratuitously, that Officer Davis had arrested him. The district attorney then asked why he had been arrested and the defendant admitted that it was 'for possession of narcotics'. No further questions were permitted which would have gone beyond the scope of defendant's gratuitous answers".

The Act of March 15, 1911, P. L. 20, 19 P.S. 711, provides in pertinent part that "any person charged

---

[1] The record discloses a violent outburst by appellant which required the declaration of a recess in the trial. Before continuing, the trial judge had appellant examined by the Director of the Neuropsychiatric Department who reported that, although appellant was emotionally unstable, he was mentally competent to proceed with the trial.

with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged". In construing this language this court said in *Commonwealth v. Kaminski,* 104 Pa. Superior Ct. 115, 158 A. 639: "Even where there has been a technical violation of the Act of 1911, supra, if the questioning complained of was a natural development of the facts already in evidence, rather than an attempt to introduce evidence of the commission by the defendant of another offense, the court will not be required to withdraw a juror and continue the case".

In the case at bar, the information elicited was volunteered by the appellant. It was a spontaneous utterance and the ensuing questions by the district attorney were in natural development of the facts already in evidence and without design to prejudice the defendant. Cf. *Commonwealth v. Wojdakowski,* 161 Pa. Superior Ct. 250, 53 A. 2d 851. The case of *Commonwealth v. Burdell,* 380 Pa. 43, 110 A. 2d 193, cited by appellant, is readily distinguishable. Every reference to the prior record of one on trial in a criminal case is not prejudicial error, and much depends upon the attending circumstances: *Commonwealth v. Calderbank,* 161 Pa. Superior Ct. 492, 55 A. 2d 422. We perceive no violation of appellant's rights in the instant case.

Appellant finally contends that the trial judge erred in refusing to sustain his demurrer to the evidence on the ground that the cigarettes analyzed by the chemist were not shown to be the cigarettes given by him to the police officer. This technical contention arises out of the circumstance that the federal agent who received the envelope from the police officer and turned it over to the chemist was deceased at the time of trial. This fact clearly appears in the record. The police officer

testified that the envelope (exhibit C-1) was the one he had handed to the federal agent, and that the cigarettes therein were the ones given to him by appellant. The chemist testified that the envelope had been given to him by the federal agent and had been brought by him into court. Under the circumstances the sufficiency of the identification of the cigarettes was for the jury. Cf. *Commonwealth v. Lewis*, 190 Pa. Superior Ct. 591, 155 A. 2d 410; *Commonwealth v. Mealey*, 85 Pa. Superior Ct. 509.

Judgment affirmed.

FLOOD, J., would grant a new trial.