## Commonwealth *v.* Gibson, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Mark S. Refowich,* for appellant.

*Allan B. Goodman,* Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., September 23, 1974:

The appellant, on this direct appeal, argues that he is entitled to a new trial because mention was made at his trial of a prior arrest of his co-defendant on an

unrelated charge. The record shows that appellant and a co-defendant were jointly tried, before a jury, on charges of attempted robbery. This crime took place on February 19, 1973. In its case in chief, *inter alia,* the Commonwealth elicited evidence from a police officer that on March 1, 1973, the appellant was arrested and that approximately five or six days later, the co-defendant *turned himself in* to a magistrate. The appellant and the co-defendant presented alibi defenses, claiming that the first time they heard of the robbery attempt was some ten days after the event. In the Commonwealth's cross-examination of the co-defendant (Queen) concerning his alibi, the following colloquy took place: "Q. Now Mr. Queen, do you recall when you—were you arrested in connection with this case, or did you turn yourself in? What happened? A. I got arrested for burglary. Q. For this—well, did the police arrest you in this matter? A. No." Immediately following the above, the co-defendant's counsel made a request at sidebar that a mistrial be declared.

The trial judge, while declining to declare a mistrial, offered to give an immediate cautionary instruction to the jury on the matter. Both appellant's and co-defendant's counsels advised the Court that they did not want the matter raised again to the jury at that point; counsel for the co-defendant asked for an appropriate cautionary instruction during the Court's charge and this request was fulfilled by the Court.

We find no new trial is merited. This was obviously not an attempt by the Commonwealth to elicit testimony of prior crimes (a violation of Act of March 15, 1911, P. L. 20, 19 P.S. §711), but was rather a spontaneous volunteered utterance on a question that was a natural development of the facts already in evidence. See *Commonwealth v. Garnett,* 204 Pa. Superior Ct. 113 (1964); *Commonwealth v. Wojdakowski,* 161 Pa. Superior Ct. 250 (1947); *Commonwealth v.*

*Kaminski,* 104 Pa. Superior Ct. 115 (1932). Moreover, it is clear that if any prejudice were apparent in the record, it would be solely toward the co-defendant and not the appellant.

For the foregoing reasons, the judgment of sentence is hereby affirmed.