## Commonwealth v. Rothensies et al.

*Criminal law—Trials—Improper remarks of counsel—Motion for continuance—Refusal.*

The refusal of a motion for continuance, based upon improper remarks by the district attorney in his address to the jury, is not reversible error, where it appears that the remarks complained of were called forth as a retort to remarks made by defendant's counsel, and where it further appears that defendant's rights were sufficiently protected by the trial judge in his charge to the jury.

Argued Jan. 4, 1917.   Appeals, Nos. 362 and 363, by David W. Rothensies and Frederick G. Anderson, respectively, from judgments of Superior Court, Oct. T., 1915, Nos. 230 and 231, affirming sentence of Q. S. Berks Co., June Sess., 1913, No. 168, on verdict of guilty, in case of

Commonwealth of Pennsylvania v. David W. Rothensies, Frederick G. Anderson, Elwood S. Snyder, Charles A. Stephens, Ed. J. Thomas, John W. Levegood, William E. Fisher, James Mackellar, John W. Pratt and Eugene F. Carpenter.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Appeal from the Superior Court.

Indictment for conspiracy to defraud.

The facts appear in Commonwealth v. Rothensies, 64 Pa. Superior Ct. 395.

The jury found a verdict of guilty and sentence was subsequently passed.   Defendant appealed to the Superior Court.   The Superior Court affirmed the sentence of the Court of Quarter Sessions.   David W. Rothensies and Frederick G. Anderson appealed.

*Error assigned* was the judgment of the Superior Court.

*Joseph R. Dickinson* and *William Kerper Stevens,* with them *Graham & Gilfillan,* for appellant.

*Harvey F. Heinly,* with him *Samuel E. Bertolet* and *Wilson S. Rothermel,* for appellee.

PER CURIAM, January 29, 1917:

These appeals were allowed solely on the ground of alleged improper remarks made by the district attorney in his closing address to the jury.   The majority of the court are of opinion that each appeal should be dismissed and each judgment affirmed on the following from the opinion of the Superior Court, dismissing the appeal of Rothensies to that court: Com. v. Rothensies, 64 Pa. Superior Ct. 395.   "The 20th specification of error is based upon the refusal of the court to withdraw a juror and

continue the case because of certain language used by
the district attorney in his closing argument to the jury.
In disposing of a motion of this character the court below
exercises a discretion which is reviewable only for abuse.
There may be instances where the refusal to withdraw a
juror because of an objectionable remark of the district
attorney would be, in all the circumstances, an abuse of
discretion, but the remarks complained of in the present
case are not of that nature and it may be fairly held that
they were called out by the appellant's counsel, who it is
admitted had said 'The Commonwealth is bound to prove
its case; we are not bound to prove our innocence; and
the fact that they took five days and a half to present
their case, and we took one hour, shows to you, gentle-
men of the jury, that they must have considered that they
had a very hard job on hand.' This language upon the
part of defendant's counsel invited a retort in kind and
the language of the district attorney in that retort is the
subject of the complaint under this specification of error.
What was said by our Brother ORLADY in Commonwealth
v. Sarves, 17 Pa. Superior Ct. 411, is applicable in this
instance: 'While the printed record indicates that in the
contest before the jury excessive earnestness on the part
of contending counsel was displayed, and expressions of
doubtful professional propriety were used, yet it is not
clear that the manner of trial injuriously affected the
defendant. Such forensic displays rarely affect the de-
liberate judgment of a jury, and in this case they were
conducted under the supervision of the trial judge, who
fully guarded the rights of the defendant in a temperate
and impartial charge.' The court below was in better
position to know than we are whether the remarks were
likely to have a prejudicial effect, an effect which could
only be counteracted by allowing the motion. Upon a
full view of the charge of the court which followed these
alleged objectionable remarks, and of the evidence in the
case, we are unable to conclude that there was such abuse

of discretion as requires a retrial of the case: Commonwealth v. Shields, 50 Pa. Superior Ct. 1:"

Judgments affirmed and records remitted to the court below, that the order of the Superior Court in each case may be carried into effect.