# Commonwealth *v.* Gittelman, Appellant (No. 1).

*Criminal law—False pretense—Fictitious claim of loss under an insurance policy—Evidence.*

In the trial of an indictment for securing money under false pretense, by falsifying claim for loss under an insurance policy, it was proper to allow a witness to testify what items were correct

and what items were false in a proof of loss which she had prepared, and to refer to the same during the course of her testimony.

Testimony of the defendant's financial standing was also admissible where the inquiry was opened by evidence introduced by the defendant.

Argued May 5, 1924. Appeal, No. 89, Oct. T., 1924, by defendant, from judgment of Q. S. Phila. Co., Oct. T., 1922, No. 361, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Harry Gittelman. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for false pretense. Before GORDON, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*William A. Gray,* for appellant.

*Lemuel B. Schofield,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY HENDERSON, J., July 2, 1924:

The defendant was convicted of false pretense in attempting to obtain from the London Guarantee and Accident Company, Limited, the sum of $10,000, the amount of an insurance policy against theft, issued by the said company to the defendant. The charge was that the defendant falsely claimed the loss of a large quantity of furs by a burglary committed in his store on Arch Street in Philadelphia on which a policy of insurance had been issued by the London Company. In twenty-one assignments of error the action of the court is chal-

lenged with respect to the admission of evidence and instructions to the jury. The first relates to the question propounded to Anna Karsner, a witness for the Commonwealth, wherein she was asked whether there were customers' coats in the store at the time of the robbery that were not put on the schedule of the property stolen? The objection by the Commonwealth to this inquiry was sustained, obviously on the ground that it was irrelevant. The complaint against the defendant as set forth in the indictment related wholly to misrepresentation in the proof of loss with respect to the presence of particular articles of fur said to have been in the store and stolen on the night of November 6, 1921. It was a matter of no consequence that the property of other persons than the defendant was stolen and not set forth in the plaintiff's schedule of losses.

The defendant claimed his loss occurred on Sunday night, November 6th. The witness, Rosalie Karsner, left the store about 7 o'clock on Saturday evening, leaving the defendant in the store alone. He explained that he had an appointment and was waiting for someone to come. She was asked whether there were any goods on order to come in the store at the time she left? The court overruled an objection to the question and that is the subject of the 2d assignment of error. The evidence of the witness shows that she was familiar with the business of the establishment. She kept the books and at times waited on customers; she had charge of the stock book and kept an account of the sales; she was apparently competent therefore to testify on the subject. But it was not a material inquiry for the proof of loss was made out from the books of the defendant and from the knowledge of Mrs. Karsner as to the stock on hand. It was a matter of no consequence therefore whether some goods might have been received that night or not. There is no evidence to show any such arrival and no possible harm resulted from the testimony even if the witness had not knowledge which qualified her to make the statement.

The objection in the 3d assignment that the witness was permitted to state from a reference to the proof of loss what items therein were correct and what false and thereby to give her conclusions, is not supported by the evidence. The witness obtained her information from her knowledge of the stock in the store. Her statements were not conclusions therefore; they were averments of fact based on her knowledge of the kind and quantity of goods in the store on the evening of the 6th of November and as she had assisted in making the schedule of losses in the proof, it was not error to permit her to refresh her recollection as to particular items by reference to the proof.

The 4th and 5th assignments are not important. The witness, Rosalie Karsner, testified that a coat, which had been sold to a customer and taken away by her, was included in the list of merchandise alleged to have been stolen and that when she brought the attention of the defendant to that subject he told her the insurance companies would not be able to locate the person to whom the coat belonged and to put it in the list. The inquiry of the learned counsel for the defendant whether the books of the store did not contain the address of this customer was refused under objection. This did not tend to contradict or impair the force of the testimony of the witness, with reference to the alleged statement of the defendant, and the rejection of the offer was not erroneous.

On cross-examination, Rosalie Karsner was asked who was the first person she told that the proof of loss was false after she left the defendant's employment? She answered: "Mr. Milch." The witness stated that she understood Mr. Milch represented the commissioner of insurance of the State of Pennsylvania. To the inquiry whether she did not know that Mr. Milch was just an investigator for one of these insurance companies, she answered: "I do not." Then followed the question, "He is the man who is paying all your bills, is he?" The court sustained an objection to this question. If the

question were relevant, it was repeated at a later stage of the cross-examination as shown on page 235 of the testimony and there the witness said that she did not know that he was paying her bills. The defendant was not injured therefore by the action of the court set forth in the 6th assignment.

The question presented in the 7th assignment was not proper examination and was not competent in any aspect of the case as we understand the evidence.

In the 8th assignment error is alleged in admitting the evidence of the witness that the defendant was insolvent at the time he claimed the property was stolen. The court stated that the question would be permitted if the witness knew, and that the door to the inquiry seemed to be opened by evidence introduced by the defendant with reference to a composition settlement. The jury might well conclude that the witness knew more about the business of the defendant than he did himself for he testified that he did not know what amount of merchandise he had in the store and that he relied wholly on the witness, Rosalie Karsner, and an accountant whom he called in to make up the proofs of loss. His allegation was that if any mistakes were made in the proofs he was not responsible for them for that reason.

It appears that the defendant made an assignment at least of the amount of the insurance policies on his loss for the benefit of creditors and the testimony of the witness tends to show such knowledge of the defendant's business as to render her a competent witness. It will be observed too that her statement of the amount of his indebtedness was considerably less than the defendant himself admitted.

The same comment may be made on the subject of the 10th assignment. The witness there repeated the statement as to the amount of his indebtedness and gave an estimate of the value of the stock of merchandise and of the money in the bank. She also stated that the defendant told her he was hard pressed for money. She quali-

fied her testimony on the whole subject by saying that she only knew what money he had actually in bank in connection with his business; that did not include any private account; that she only had charge of the books in connection with his business.

The 11th assignment relates to the transfer by the defendant to his creditors of the insurance policies. He was asked "after you signed that agreement had you any interest in that money?" This was objected to and the objection sustained. The purpose of the question was apparently to show that the defendant was a disinterested witness; that he had no motive for perpetrating a fraud; and that the whole transaction had been shifted to his creditors. This transfer however did not extinguish his interest in the validity of the policies. If the claim were established his indebtedness would be discharged to the extent of the accounts stated in the composition agreement offered in evidence, but that agreement would come to nothing in the event of the failure of the defendant to make good his demand against the insuring companies. The question was properly rejected therefore for it was apparent that an affirmative answer to the question would not have been true as a matter of law.

Complaint is made in the 12th assignment that the court sustained an objection to an inquiry as to the time when the defendant was arrested. The question was not important. The fact was a matter of record and the error, if any, was not of such a character as to require a reversal.

Nor was it material as set forth in the 13th assignment when the defendant first learned that a prosecution had been commenced against him for furnishing the proofs of loss alleged to be false.

The 14th assignment is unimportant.

The subjects of inquiry contained in the 15th and 16th assignments are irrelevant. They have no bearing on the question at issue.

315, (1924).]          Opinion of the Court.

The assignments to the charge of the court are five excerpts, which when read in connection with the other parts of the charge are unobjectionable. There was no attempt on the part of the learned trial judge to control the jury in disposing of the case. There was little evidence for the defense except testimony of the defendant himself and that was not convincing. The question of guilt or innocence was submitted to the jury in a clear and instructive charge. It was certainly not prejudicial to the defendant for the court to state that what he said in the charge was advisory and that he did not intend in any way to control the action of the jury.

The alleged error of the court in reciting the testimony as set forth in the 18th assignment is not of consequence. Moreover if it were important it was the duty of the defendant's counsel to bring to the attention of the court this misstatement in order that it might be promptly corrected.

The remainder of the defendant's argument is devoted to a discussion of the refusal of the court to grant a new trial as set forth in the 22d assignment. We have examined the evidence on this subject and after having given it due consideration are satisfied that the court was not in error in disposing of the motion. The subject is discussed at length in the opinion filed by the trial judge and it is unnecessary to elaborate on that discussion. The application was based on after-discovered evidence relating to an alleged gift to Rosalie Karsner, one of the witnesses of the Commonwealth, and testimony relating to expenses paid in bringing her and her father from Steubenville, Ohio, where she lived, to Philadelphia to attend the trial. The facts justify the conclusion reached on the motion for a new trial and we are therefore of the opinion that the assignment should be overruled.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there

called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.