## Commonwealth v. Rogowski.

*Criminal law and procedure—Issuing check without funds in bank—Place where offence was committed—Remarks of counsel.*

1. Upon the trial of an indictment charging defendant with having issued a check without sufficient funds in the depository for its payment, there was evidence that the defendant drew the check knowing that sufficient funds were not in the bank for its payment, that the check was deposited by the prosecutor in his bank and by it forwarded for collection, and that demand was made upon the defendant for payment and he failed to pay the same: *Held*, that the evidence was sufficient to sustain a verdict of guilty.

2. The proper way to bring objectionable remarks of counsel before the court for adjustment is to except to them formally and definitely at the time of their utterance, so that the exceptions will become a part of the record.

3. Where a check is drawn in Philadelphia and payable at a bank there, but is sent to another county in payment of a note, a prosecution charging that the drawer fraudulently issued the check upon a bank without having sufficient funds or credit for its payment may be instituted in the latter county.

Motion for new trial. Q. S. York Co., April Sess., 1924, No. 30.

*Joseph Z. Ehrenreich*, for motion.

*C. W. A. Rochow* and *W. W. Van Baman*, District Attorney, contra.

Ross, J., Dec. 29, 1924.—The defendant was indicted and charged with the crime of making or drawing and delivering his check to the prosecutor with intent to defraud him without having sufficient funds in, or credit with, the depository upon which the check was drawn.

The act under which the indictment was drawn was approved April 18, 1919, P. L. 70.

At the trial the jury convicted the defendant, and a motion was made for a new trial, assigning the following reasons:

"1. Because the verdict was against the evidence.

"2. Because the verdict is against the weight of the evidence.

"3. Because the verdict is against the law.

"4. The learned trial judge erred in refusing to permit defendant to cross-examine the prosecutor as to the basis of the whole transaction.

"5. Defendant reserves the right to file additional exceptions."

No additional exceptions were filed and no oral argument was made, although the case was placed upon the regular December argument list, and at the special request of defendant's counsel, a particular time was fixed by the court for argument. The defendant's counsel sent by mail his brief of argument to sustain his motion.

### Commonwealth v. Rogowski.

The case was left for the jury to decide upon the evidence, under a charge of the trial judge, which was not specifically objected to.

There was direct evidence that the defendant drew a check for the sum of $231.25, payable to John E. Ellis (the prosecutor) at the Overbrook Bank at Philadelphia, 60th and Master Streets. The check was dated at Philadelphia, Feb. 15, 1923. The evidence was that it was given in payment of a note against the defendant held by the prosecutor; that upon receipt of the check the prosecutor forwarded the note by mail to the defendant.

The check was deposited by the prosecutor as "cash" to his account in the Western National Bank of York, Pa., and when duly forwarded for collection, was protested at the Overbrook Bank at Philadelphia for want of funds. Demand was made upon the defendant for payment, as required by the act of assembly, and the defendant failed to pay the amount of the check, as required by the statute. There was evidence to show that defendant knew that sufficient funds were not in the bank when he gave the check.

There can be no plausible argument that the verdict was against the evidence or the law.

The first, second and third exceptions are, therefore, refused.

The evidence shows that the counsel for defendant was allowed to present all the evidence he could produce to show to the jury that the defendant did not draw the check, that he did not send it to the prosecutor, or that he did not receive the note which the check was intended to pay for. Nowhere on the stenographer's transcript of the trial, evidence and proceedings can we find any ruling of the trial judge which deprived defendant of offering any evidence germane to the issue.

The fourth reason is, therefore, overruled.

During the trial counsel acting for the prosecution made the following remark on cross-examination: "Q. Why, Mr. Rogowski, I have more respect for your intelligence as a member of the Jewish race, for you to try to tell this court and jury that you didn't know . . ."

The following objection, colloquy and ruling occurred in the hearing of the jury:

"Mr. Ehrenreich: If your Honor please, I object to that remark and ask for the withdrawal of a juror. I think that remark, 'I have more respect for your intelligence as a member of the Jewish race,' is objectionable. There is no reason in the world why Mr. Rochow should call attention of the jury to any man's faith, creed or religion.

"The Court: I don't think that I can support that theory. The Jewish race stands very high in the estimation of this community.

"Mr. Ehrenreich: No doubt, sir. I don't know whether it may or may not have. I strenuously object to it and ask for the withdrawal of a juror.

"The Court: We refuse to comply with the request and grant an exception for the defendant."

We cannot conceive of any prejudice in the remarks of Mr. Rochow and believe no harm was done to defendant.

The proper way to bring objectionable remarks before the court for adjustment is to formally and definitely except to the remarks at the time of their utterance, so that the exceptions will become a part of the record: Haines v. Com., 99 Pa. 410; Com. v. Shields, 50 Pa. Superior Ct. 1; Com. v. Dyminski, 79 Pa. Superior Ct. 499; Com. v. Ezell, 212 Pa. 293; Com. v. Zappe, 153 Pa. 498; Com. v. Rothensies, 64 Pa. Superior Ct. 395; Com. v. Rothensies, 256 Pa. 337; Com. v. Wilston, 73 Pa. Superior Ct. 161-164.

The fifth reason is, therefore, overruled.

The defendant's counsel, in his brief submitted, stresses the additional reason that this court did not have a legal right to try the defendant, alleging that the drawing of the check and the delivery of it were in Philadelphia County.

There was some conflict of evidence as to what was done with the check in question after the defendant had executed it in Philadelphia. One of the Commonwealth's witnesses swore that the check was delivered to him as the agent of the prosecutor, but the defendant himself swore that he sent the check by mail to the alderman, who was acting for Ellis, the prosecutor, for the purpose of obtaining from defendant the payment of a note which prosecutor held against the defendant.

The evidence showed that the check duly reached the hands of the prosecutor and that, as a consequence thereof, the prosecutor forwarded the note which the check was intended to pay.

We can find no authority in Pennsylvania which reverses the well established principle that "where one puts in force an agency for the commission of crime he, in legal contemplation, accompanies the same to the point where it becomes effectual:" 1 Bishop on Criminal Law (9th ed.), § 110, pages 65-66.

Under all the circumstances of this case as tried before the jury, we are of the opinion that none of the reasons advanced for a new trial are tenable.

The motion for a new trial is refused and the defendant is directed to be in court at the next term of Quarter Sessions Court, beginning Monday, Jan. 5, 1925, then and there to be sentenced.

From Richard E. Cochran, York, Pa.