Commonwealth *v.* Speroff, Appellant.

Argued April 9, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Roy T. Clunk,* with him *Charles N. Caputo,* for appellants.

*Joseph I. Lewis,* Assistant District Attorney, with him *William S. Rahauser,* District Attorney, for appellee.

OPINION BY DITHRICH, J., July 19, 1951:

On May 8, 1950, Daniel Spiroff, James Collins, and Malcolm Epstein, appellants, were tried and convicted of the crime of armed robbery. On May 5, 1950, Epstein had been sentenced on previous convictions for robbery, by three judges of the Court of Oyer and Terminer of Allegheny County, sitting en banc, to three consecutive terms of imprisonment in the Western State Penitentiary of from ten to twenty years and to one ten to twenty-year concurrent term.

Because of certain comments concerning Epstein made by the sentencing judges in the presence of the panel of petit jurors, from which the jury which tried the three defendants was chosen, and the attendant newspaper publicity, counsel for Spiroff and Collins on May 8, the day set for trial, appeared before the presiding judge of the Court of Oyer and Terminer and orally made a motion for a continuance of the case. The motion was refused and the defendants ordered to trial.

Following their conviction they filed a motion for a new trial which came on to be heard before a court en banc October 30, 1950, and on November 8, 1950, the motion was refused and an opinion filed. The motion for a continuance had not been renewed before the trial judge, nor had it been reduced to writing. One month after the refusal of the new trial motion, to wit, December 8, 1950, on motion of counsel for defendants, leave of court was granted to file an exception nunc pro tunc to the refusal of the motion for a continuance of the case on the ground that "Through inadvertence and oversight on the part of petitioner [counsel for defendants], this Motion was not renewed

before the trial judge." Counsel asked that the prayer of the petition be granted "so that this matter may be further adjudicated before the Superior Court of the Commonwealth of Pennsylvania."

"Applications for continuance are addressed to the sound discretion of the trial judge and the action taken thereon in the absence of manifest abuse thereof, will not be disturbed: [citing cases]": *Commonwealth v. Roberts,* 163 Pa. Superior Ct. 43, 45, 60 A. 2d 397. We find no abuse of discretion here. On the contrary we think the court below was very indulgent toward defendants.

In the opinion refusing the motion for a new trial it is stated by McNAUGHER, J.: "Further, no severance in the trial of the cases was asked for. And, in addition, the defendants did not exercise their right to examine prospective jurors on their *voir dire.* Whether any of the latter had read one or other of the articles referred to and if so whether they had been influenced by them and could not render verdicts based solely upon the law and the evidence, would therefore be a matter of pure conjecture and guess-work. Had the proper course been pursued, it might very well have appeared that the jurors had not seen the newspaper items, or, if they had, that nevertheless they could and would follow the law and the evidence in the case. A defendant may not take his chances before a jury and then after conviction raise questions amounting to challenges for cause when examination before the jurors were sworn would have shown whether or not they were qualified to sit in judgment on the case." Cf. *Commonwealth v. Grotefend and Haun,* 85 Pa. Superior Ct. 7.

Judgments affirmed.