Commonwealth *v.* Grosso, Appellant.

Argued September 24, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*I. Elmer Ecker,* with him *E. P. Curran,* for appellant.

*Samuel Strauss,* Assistant District Attorney, with him *William S. Rahauser,* District Attorney, for appellee.

OPINION BY HIRT, J., November 15, 1951:

Defendant Anthony Grosso was charged with conducting a 'numbers' lottery. He was convicted by a jury and was sentenced. We need refer to but three of the questions raised by him, as appellant, in seeking a new trial; we find no merit in any of them.

Appellant was the owner of a dwelling house on Morrison Drive in Mount Lebanon. The Borough police had the premises under close surveillance for four or five days prior to a raid conducted by them at about 4 p.m. on July 10, 1950. At the time of the raid this appellant came from the second floor of the house and admitted the police officers when informed that they had a warrant for a search of the premises. In the basement of the house the officers found a large quantity of material and paraphernalia which stamped the premises as the headquarters of a numbers lottery conducted on a large scale. Four of the seven persons found in a game room in the basement were operating electric adding machines tabulating the amounts collected on the numbers slips for the day of the raid. Boxes of similar slips were also found for each of the preceding ten days. The intake in money as evidenced by the numbers slips for the ten-day period amounted to a total of $116,448. A code book was found in the basement, indicating that at least 40 numbers writers were employed in the operation of the lottery. Blank numbers books were found in the basement and also in automobiles parked on the premises. For a number of days prior to the raid various persons were observed carrying shopping bags and suspicious bundles into the house, especially in mid-afternoon, during the hour of greatest activity.

Appellant at the trial attempted to shift the responsibility for the conduct of the lottery to his brother Sam Grosso who was also under indictment on the same

charge. Appellant testified that he went to Florida on June 23, 1950, and did not return to his home in Mount Lebanon until the day of the raid. He said that before leaving for Florida he delivered his house keys to his brother Sam for protection of the property, and that during his absence the lottery was set up in his home by his brother without his knowledge or consent. The charges against the two brothers were consolidated for trial but because of the illness of Sam Grosso the court granted a continuance as to him. In the course of the trial of the appellant his counsel offered to prove that Sam Grosso, if called as a witness, would exonerate the appellant and would accept full responsibility for the conduct of the lottery. Since Sam Grosso was ill and did not appear, the assistant district attorney offered to take his deposition at his home but appellant's counsel stated that Sam's wife would not permit him to be interrogated. On that ground defendant's counsel moved for a continuance of the trial of the appellant, which the court properly refused.

The defense interposed by appellant was tenuous, even without acceptance of credible evidence that appellant was in his home continuously for at least four days preceding the raid. The trial of the case had been continued twice on defendant's application and the second continuance was granted on his counsel's representation that no further delay would be requested. An application for a continuance is addressed to the sound discretion of the court. And in determining whether a continuance should be granted the nature of the crime and the circumstances attending it are to be considered. Where the ground advanced for a continuance is the absence of a witness whose testimony if produced would be cumulative merely the refusal of a continuance is proper. *Commonwealth v. Deni*, 317 Pa. 289, 176 A. 919; *Commonwealth v. Schurtz*, 337 Pa. 405, 10 A. 2d 378; *Commonwealth v. Roberts*, 163 Pa. Superior Ct.

43, 60 A. 2d 397. Under the circumstances the lower court was justified in questioning appellant's good faith in seeking a further continuance, and in concluding that Sam Grosso had no intention of accepting responsibility for the numbers lottery conducted in appellant's house. It may be noted in passing that the opinion of the court on the rule for a new trial in this case, states that when Sam later was brought to trial he was convicted not by any admission of guilt but by a jury on his plea of not guilty. There was no abuse of judicial discretion in the refusal of a further continuance in this case.

The testimony convicting defendant of the charge was circumstantial. Appellant however in relying on the standard approved by this court in *Com. v. Byers,* 45 Pa. Superior Ct. 37, overlooks the changed rule applicable to circumstantial evidence adopted by our Supreme Court following the suggestion of President Judge KELLER in *Commonwealth v. Marino,* 142 Pa. Superior Ct. 327, 16 A. 2d 314. *Commonwealth v. Wentzel,* 360 Pa. 137, 143, 61 A. 2d 309 reiterates the present rule as stated in *Commonwealth v. Libonati,* 346 Pa. 504, 508, 31 A. 2d 95, thus: "The requirement of the law is that in order to warrant a conviction the facts and circumstances proved must be of such character as to produce a moral certainty of the guilt of the accused beyond any reasonable doubt—not that they need be absolutely incompatible with his innocence —and that doubt is for the jury unless the evidence 'be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances' ". *Commonwealth v. DuBoise,* 269 Pa. 169, 112 A. 461. Here as in *Commonwealth v. Prezioso,* 157 Pa. Superior Ct. 80, 41 A. 2d 350, the evidence though wholly circumstantial was abundantly sufficient both in kind and quality to sustain the conviction. Cf. *Com. of Pa. v. Lanzetti,* 113 Pa. Superior Ct.

370, 173 A. 425; *Commonwealth v. Zotter,* 131 Pa. Superior Ct. 296, 200 A. 264.

Finally, the alleged prejudicial remarks of the assistant district attorney did not require the withdrawal of a juror under the circumstances. The trial of this appellant generated some heat between counsel. And in his argument to the jury defendant's counsel admits that he said: "If Tony Grosso is such a big operator, why didn't the district attorney's office, with its crowd of county detectives, bring him in as a violator of the law?" The argument was improper and elicited this retort in the jury's presence, from the attorney representing the Commonwealth: "I object to Mr. Ecker's remarks to the jury about the county detective bureau not being called in. We had other evidence that they would have screamed to high heaven if we would have introduced it". Defendant's counsel obviously was attempting to capitalize on the fact that this prosecution was brought by the Borough police on their own initiative. The inference impliedly urged on the jury by him in the language above quoted was that the case was too trivial or the available evidence too weak to merit an investigation and prosecution by the detective force of Allegheny County under the direction of the district attorney's office. The retort of the Commonwealth's attorney was ill-advised but it was not ground for the withdrawal of a juror. He referred to incompetent evidence of other pending prosecutions of this same appellant on similar charges known to counsel to which defendant would have objected strenuously, and properly so, if offered. The remark objected to was invited by an improper argument by defense counsel and appellant therefore may not complain, especially in the light of the court's admonition to both counsel to confine their arguments to the evidence in the case. The refusal to withdraw a juror in situations such as this is largely a matter of discretion with the trial judge, to be dis-

turbed only in case of abuse and a reversal will not ordinarily be granted where the statement was apparently in reply, as here, to an improper argument of counsel for defendant. *Commonwealth v. Tauza,* 300 Pa. 375, 380, 150 A. 649; *Commonwealth v. Sloat,* 298 Pa. 10, 147 A. 834; *Commonwealth v. Rothensies et al.,* 256 Pa. 337, 100 A. 828.

Defendant is not entitled to a new trial of this case.

The order is affirmed and the defendant is directed to appear in the court below at such time as he may be there called, and it is ordered that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal was made a supersedeas.