Commonwealth *v.* Graham, Appellant.

Argued November 15, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Michael von Moschzisker*, with him *George D. Kline* and *Thomas D. McBride*, for appellant.

*Raymond V. John*, Assistant District Attorney, with him *John H. Maurer*, District Attorney, for appellee.

OPINION BY RENO, J., January 17, 1952:

As in *Com. v. Wadley*, 169 Pa. Superior Ct. 490, 83 A. 2d 417, the Commonwealth has confessed error as to one phase of this case, and we hold that the error vitiates appellant's conviction.

The indictment (No. 251 October Sessions, 1949) upon which he was convicted and sentenced contained three counts. The first charged assault and battery upon Doris Bergman, who was 13 years old at the trial and 10 or 11 years old at the time of the alleged offense.

The second charged aggravated assault and battery, but a verdict of not guilty was directed as to that offense. The third count, captioned on the indorsement of the bill as, "assault and battery with intent to ravish" charged that appellant with force and arms on said Doris Bergman "unlawfully did make another assault with intent her the said Doris Bergman contrary to the form of the Act of General Assembly in such case made and provided and against the peace and dignity of the Commonwealth of Pennsylvania." From it were omitted the words "forcibly and against her will, to have unlawful carnal knowledge of her", the words necessary to constitute a charge under The Penal Code of June 24, 1939, P. L. 872, §722, 18 P.S. §4722. He was convicted on the first and third counts, and also on another indictment to which further reference will be made. He was sentenced: "Not less than 3 years nor more than 6 years at separate and solitary confinement at labor in the Eastern State Penitentiary."

Manifestly he was sentenced on the third count, for although the sentence exceeded the maximum prescribed by The Penal Code, §722, supra, it could not have applied to the first count, the penalty for which is simple imprisonment.[1] Appellant was tried, convicted and sentenced, the Commonwealth admits, for a crime for which he had not been indicted, a grave violation of his constitutional rights which is not saved

---

[1] The penalty for assault and battery: "a fine not exceeding one thousand dollars ($1,000), or undergo imprisonment not exceeding two (2) years, or both." The Penal Code, supra, §708, 18 P.S. §4708.

The penalty for assault and battery with intent to ravish: "a fine not exceeding two thousand dollars ($2,000), or undergo imprisonment, by separate or solitary confinement at labor, not exceeding five (5) years, or both." Id., §722, 18 P.S. §4722.

by the doctrine of harmless error.[2]  *Com. v. Wadley,* supra. "Conviction upon a charge not made would be sheer denial of due process": Chief Justice HUGHES in *De Jonge v. Oregon,* 299 U. S. 353, 362, 57 S. Ct. 255, 259. See also *Cole v. Arkansas,* 333 U. S. 196, 68 S. Ct. 514.

Absent other reversible errors an appropriate remedy, suggested by the Commonwealth, would be remission of the record to the court below with direction to impose sentence for assault and battery only. However, the record reveals other trial errors, most of which have become academic by the elimination of the third count from the indictment, and will not be discussed. One palpable and basic error requires discussion and reversal.

In its case the Commonwealth proved that appellant was acquainted with the family of the little girl, including her adult sister Elizabeth. In his direct examination appellant admitted that he had visited the family, taken Doris on automobile rides, and had dates with Elizabeth. On cross-examination, appellant, pressed by the assistant district attorney, testified that at a time when he had a dinner date with Elizabeth at a place near Germantown she said that she did not "like to run around town, too many people, I have too many friends in the city; perhaps we had better make it out of town." The colloquy continued: "Q. Isn't it a fact you invited her to spend a week end with you in Washington and she said positively no? A. No, sir, that is not true." In the Commonwealth's rebuttal, over appellant's objection, Elizabeth was allowed to testi-

---

[2] It should be said, in fairness to the court below, that the defect in the indictment was not discovered until appellant's counsel prepared the argument for this appeal. It was not assigned as error in the motion for a new trial. However, the error is fundamental and assignable on appeal.

fy that he had said something to her about going to Washington for a week end and she had answered she could not think of it.

The Commonwealth had injected a collateral matter into appellant's cross-examination, and it was bound by his answer. Even as a test of credibility, as ruled by the trial judge, the Commonwealth could not contradict appellant's testimony. A witness can be contradicted only on matters germane to the issue. The test of the materiality of a fact elicited on cross-examination is whether the cross-examining party would have been entitled to prove it as a part of his own case. Even if, as claimed by the Commonwealth, appellant volunteered the statement respecting his dates with Elizabeth, the statement could not be contradicted. A witness cannot be contradicted on everything to which he testifies in order to test his credibility. These principles and the rules limiting tests of credibility were explained and applied in *Com. v. Petrillo*, 341 Pa. 209, 19 A. 2d 288, and they govern this appeal.

Appellant was also tried and convicted on another indictment (No. 242 October Sessions, 1949) charging the taking or enticing of the girl for immoral purposes, but no sentence was pronounced upon that conviction. No final judgment was entered against him and therefore appellant has no standing to appeal. *Com. ex rel. Holly v. Ashe*, 368 Pa. 211, 82 A. 2d 244.

The appeal to No. 201 October Term, 1951, is quashed.

On No. 202 October Term, 1951, the judgment and sentence are reversed and a new trial is awarded.