Commonwealth *v.* Steinberg, Appellant.

382

Argued March 18, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Samuel Dash*, with him *Milton S. Leidner*, and *Dash and Levy*, for appellant.

*Domenick Vitullo*, Assistant District Attorney, with him *Juanita Kidd Stout*, Assistant District Attorney, *James N. Lafferty*, First Assistant District Attorney, and *Victor H. Blanc*, District Attorney, for appellee.

OPINION BY HIRT, J., April 16, 1959:

The defendant was charged with "blackmail or extortion" in violation of §801 of the Act of June 24, 1939, P. L. 872, 18 PS §4801. He was found guilty of the charge and was sentenced. It is conceded, as it

must be, that the evidence clearly convicted him of the offense. In this appeal the defendant contends that he is entitled to a new trial because of the admission of testimony, to his prejudice, of matters entirely collateral to the issue of his guilt.

Defendant was a detective in the Police Department of Philadelphia. On September 26, 1953 he called one Albert Ostroff, a building contractor, by telephone and informed him that he was about to swear out a warrant for his arrest for receiving stolen property. The factual basis of the charge was the purchase of a power saw by Ostroff from two boys for a small fraction of its worth, allegedly with knowledge that it had been stolen. On the following Monday, Steinberg, with the two boys, went to Ostroff's home and told him in effect, that he would have to file the charge, and if he did he "would have to go through with the whole thing." He however, on withdrawing Ostroff into an adjoining room, said to him that "It was possible he could cancel this all out, avoiding all this excitement and publicity . . ." but that he, Steinberg, had "Certain expenses involved" and that he would need $500. Ostroff through his counsel reported the matter at the Police Department Headquarters. On the following evening, by prearrangement, two Deputy Inspectors of the department went to Ostroff's home; there they marked $300 in bills. The defendant in response to a telephone call appeared somewhat later, and Ostroff then gave him the money which the defendant accepted on account, stating "We will have to get [the balance of $200] later." The two inspectors then emerged from hiding, and the defendant, at their request, took the $300 in marked bills from his pocket and surrendered the money to them. It was upon this direct, positive and uncontradicted evidence, that the defendant was convicted. He did deny however that

he extorted the money, and stated that the $300 was given him by Ostroff as a bribe.

At the trial as a part of his defense Steinberg was allowed to testify that on a number of occasions during the period of his service on the police force, he had been "commended or cited for bravery"—this without question by the court or objection by the Commonwealth. Defendant testified: ". . . the Jewish Police Department members—they gave me an award. Louis Lefkoe, who was a jeweler, gave me an award. The Inquirer gave me an award. I was also given an award for supposedly the bravest man in the City of Philadelphia for 1938." The defendant also produced medals and newspaper articles, among them one from the Philadelphia Inquirer with a photograph of Steinberg, under the caption: "Policeman Hero receives 1938 Medal Today." In addition he was allowed to go into detail as to the "gun battle with three men" upon which the 1938 hero award was based. Against that testimony the prosecuting attorney, over defendant's objection, was allowed to develop on cross-examination that defendant, after a Police Board Inquiry, had received a reprimand in 1953 although he then was not dismissed nor even suspended from the force. The basis for the reprimand was an alleged change in his testimony in court from a report previously given in a case against another police officer charged with sodomy.

Evidence of the commendatory medals and citations was wholly irrelevant. They all were related to the physical bravery of the defendant as a police officer which he had displayed on various occasions. Obviously bravery is not a trait which has any bearing upon the disposition of one to levy blackmail or extort money; this testimony therefore was clearly inadmissible as character evidence or on any other ground relevant to the question of defendant's guilt. But when, for

his own purposes, defendant did so testify he opened the door for the development of facts on cross-examination which indicated that his superiors in the police department did not share the high regard for his devotion to duty which the citations implied. Cf. *Commonwealth v. Gittelman (No. 1)*, 83 Pa. Superior Ct. 315, 319. If the inquiry had stopped there, the defendant would not have grounds for complaint.

The Commonwealth however was not content to rest on a showing that the defendant had been reprimanded for some dereliction of duty. After the close of defendant's case it called as a witness Paul M. Chalfin, an assistant district attorney in Philadelphia County. It was he who had prosecuted the case against Officer Delia on a charge of sodomy. Steinberg's testimony under oath in that case was the subject of investigation by the Police Trial Board which resulted in the reprimand above referred to. Chalfin testified that Steinberg's testimony under oath differed materially from a report of the facts which he had previously submitted to the department; and he stated that the difference weakened the Commonwealth's case and was favorable to Delia, the defendant on trial. Apparently there had been testimony by one of two delinquent boys that Delia had molested him. The testimony of Chalfin however failed to prove that Steinberg had perjured himself in the trial of Delia or that his testimony had worked an acquittal of the defendant, but clearly the purpose of Chalfin's testimony was to invite the jury to draw the inference that Steinberg had been guilty of moral turpitude in a matter entirely collateral to the prosecution of the instant case. A defendant on trial for crime, however guilty, may insist that the Commonwealth establish his guilt, by competent evidence in strict compliance with the law, unaffected by implication or innuendo flowing

from collateral matters. In strictness, as we have indicated, the cross-examination of Steinberg as to the subject matter of his reprimand by the police department was improper because on a subject not germane to the issue trying. And it was only for the reasons above stated that the error became harmless. But when the court, over objection, permitted the Commonwealth in rebuttal to develop testimony on matters foreign to the issue trying, for the purpose of contradicting defendant Steinberg on an issue of his credibility, he clearly was prejudiced and the admission of this testimony over the appellant's objection was reversible error. A witness may be contradicted only on matters germane to the issue trying. *Commonwealth v. Kettering*, 180 Pa. Superior Ct. 247, 252, 119 A. 2d 580; *Commonwealth v. Graham*, 170 Pa. Superior Ct. 343, 347, 85 A. 2d 632; *Commonwealth v. Petrillo*, 341 Pa. 209, 225, 226, 19 A. 2d 288.

Judgment of sentence reversed and a new trial ordered.