Commonwealth *v.* Drew, Appellant.

Argued June 8, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Cecil B. Moore,* for appellant.

*Domenick Vitullo,* Assistant District Attorney, with him *Juanita Kidd Stout,* Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY GUNTHER, J., September 17, 1959:

Alvin R. Drew has taken this appeal from his conviction and sentence on a charge of illegal possession and sale of narcotic drugs. On January 21, 1959, he was sentenced to the Eastern State Penitentiary for a term of not less than seven and one-half nor more than thirty years.

The conviction was based primarily on the testimony of Harold M. Carter, a police officer assigned to narcotics unit in Philadelphia. He testified that as an undercover agent he purchased from Drew two small packages of drugs found to contain heroin for the sum of $25.00 on September 5, 1957 at about 4:00 P.M. on South Street near Broad Street. Prior to the calling of witnesses at the time of trial, defense counsel inquired of the Commonwealth if there were any eyewitnesses to the alleged sale and if so that they be produced. The Commonwealth stated there were no eyewitnesses other than those endorsed on the indictment. Subsequently, officer Harold M. Carter testified that Irving Carter, an alleged drug addict, first approached the defendant and had a conversation with him. Irving Carter then returned to the police officer and then the police officer approached defendant and made the purchase. The police officer also testified that when the sale took place, Irving Carter was about ten feet away.

Based upon this testimony, defense counsel moved for a continuance until Irving Carter, an alleged eyewitness, was produced. The court below refused the continuance and the case was subsequently submitted to the jury.

The sole question presented on this appeal is whether the court below abused its discretion in refusing a continuance and whether a new trial should be granted because this witness was not produced by the Commonwealth at the trial.

If Irving Carter was an eyewitness to the crime charged, there is little doubt that he should have been produced by the Commonwealth whether he was going to be used as a witness or not. If the district attorney has such a witness in court and does not wish to use such a witness, he should make him available to the defense. In *Commonwealth v. Sarkis,* 164 Pa. Superior Ct. 194, 63 A. 2d 360, we stated that normally all eyewitnesses should be produced.[1] In *Commonwealth v. Cramer,* 168 Pa. Superior Ct. 1, 76 A. 2d 661, we granted a new trial because three eyewitnesses to a robbery were not produced in court after defendant tried to subpoena them and failed and it was alleged that these witnesses were essential to the defense. However, in the instant case there is no evidence that Carter was an eyewitness other than he was approximately ten feet away when the alleged sale was made by the defendant. As a matter of fact, Officer Carter testified that "he was never as to where he could see and hear a transaction." If we are to assume that Irving Carter was an eyewitness, we must assume this fact only by reason that he was in close proximity of the transaction. To charge the Commonwealth with dereliction in not producing a witness under such circumstances is unwarranted. A few questions by defense counsel could have

---

[1] Cf. *Commonwealth v. Horn,* 395 Pa. 585, 150 A. 2d 872.

cleared up this issue quickly and with certainty but this was not done. Officer Carter testified that the packages were extremely small, measuring approximately a quarter of an inch wide and about one inch in length. The transaction took place on a busy street in the City of Philadelphia. In a type of transaction here involved, a drug peddler undoubtedly would be as secretive as possible in his dealings.

Under these circumstances, we cannot say that the Commonwealth was duty bound to call such a witness. The Commonwealth is not required to call all witnesses to the various stages in the planning and commission of a crime but only those whose testimony is germane to the issue or whose testimony tends to get at the truth. Furthermore, there is nothing in this record to indicate that this witness was not available to the defense as well. Although defense counsel interrogated several police officers who were members of the narcotics unit and who probably knew this witness because he was a drug addict, no attempt was made to ascertain the whereabouts of this witness and no attempt was made to subpoena him. The trial started on March 6, 1958 and was not submitted to the jury until March 10, 1958.

An application for a continuance is addressed to the sound discretion of the trial judge and in the absence of an abuse of discretion the action thereon will not be disturbed. *Commonwealth v. Hicks,* 173 Pa. Superior Ct. 395, 98 A. 2d 478; *Commonwealth v. Speroff,* 169 Pa. Superior Ct. 197, 82 A. 2d 569. The circumstances here involved as to whether Carter was or was not an eyewitness do not make out an abuse of discretion in the refusal of the trial judge to grant a continuance.

Judgment of sentence affirmed, and it is ordered that appellant appear in the court below at such time

as he may there be called, and that he be by that court committed until he has complied with his sentence, or any part of it which had not been performed at the time this appeal was made a supersedeas.