Commonwealth *v.* David, Appellant.

Argued September 16, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Harvey Steinberg*, with him *George Gershenfeld*, for appellant.

*Michael M. Baylson*, Assistant District Attorney, with him *Alan J. Davis*, Assistant District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., January 5, 1967:

These appeals are from the judgments of sentence by the Court of Quarter Sessions of Philadelphia County after trial and conviction before a judge without a jury, on charges of setting up and maintaining an illegal lottery, pandering, and prostitution and assignation.

Two plainclothes officers of the Philadelphia police force were investigating a report from a reliable, con-

fidential source that appellant was operating a house of prostitution at 5737 Cedar Avenue, Philadelphia. The one officer made two phone calls to the premises and spoke to someone who identified herself as "Ada". He then went to the premises and was admitted by the appellant "Ada", whose voice he identified as being the same one he had heard on the phone.

While seated in the parlor, ostensibly waiting for his friend, the appellant asked if he saw anything he liked, and suggested that he look around. He said he liked the girl whom appellant had sent up to the front bedroom with another man. Appellant said she was busy, but would take care of him as soon as she was finished. After some conversation the officer said he would be satisfied with one, "Marie Robinson", who was then sent upstairs to the middle bedroom with the officer. Once there, the girl immediately disrobed and secured from the bathroom a basin of warm water, soap and a washcloth and was preparing to have intercourse. When asked about the charges she told the officer they would have fun and when they were done he should pay Ada.

The other officer was on his way upstairs when the first officer identified himself to Marie who then tried to run out but was stopped and arrested. The two officers then went to the front bedroom where they found another couple in bed, naked, and in the act of having intercourse. They also found in a drawer of a night table several sheets of paper with figures on them indicating numbers play. Everyone in the premises was placed under arrest.

The appellant, two of the girls and one man were separately charged and indicted. All four cases were called for trial on the same day. They were all represented by the same counsel. On the day of trial one of the defendants, Marie Robinson, did not appear. Defense counsel moved for a continuance after he in-

formed the court that Marie Robinson's whereabouts were unknown and that he didn't know when she would appear. The trial judge then refused the continuance and proceeded with a consolidated trial of the three defendants present. During the course of the trial, defense counsel again moved for a continuance on the ground that Marie Robinson was necessary as a defense witness for appellant's case, and that he could locate her through relatives. This motion was also refused.

The scheduling of a criminal trial is generally a matter within the discretion of the Commonwealth. *Com. v. Conard,* 206 Pa. Superior Ct. 33, 211 A. 2d 14 (1965). All four cases were separate cases arising from the same circumstances and at the same time. Though they were all scheduled for trial at the same time, they need not have been. However, after this was done, it was within the sound discretion of the trial court whether or not to sever the trial of one of the cases. *Com. v. Wheeler,* 200 Pa. Superior Ct. 284, 189 A. 2d 291 (1963). The trial judge is reversible only ". . . for a manifest abuse of discretion or prejudice and clear injustice to the defendant:" *Com. v. Patrick,* 416 Pa. 437, 445, 206 A. 2d 295 (1965). Under all the circumstances of this case the action of the court below was not an abuse of discretion.

In *Com. v. Hicks,* 173 Pa. Superior Ct. 395, 98 A. 2d 478 (1953), a defendant moved for a continuance in a rape case because a co-defendant, also a witness, was in Korea. As in the present case, the missing defendant's availability was conjecture and the refusal of a continuance was held to be proper.

In *Com. v. Wheeler,* supra, several indictments against the same defendant were severed. In this case several different defendants were indicted separately and listed together for trial. Pennsylvania Rule of Criminal Procedure 219 dealing with severance, speaks of the situation where two or more defendants are joined in the

same indictment. Rule 304 of Pennsylvania Rules of Criminal Procedure, which holds that pretrial applications must be made at least ten days before trial has no merit in this case. Marie Robinson was out on bail and was subpoenaed for trial. The Commonwealth was not in any position to know of her unavailability before trial. But, in fact, appellant did know that Marie Robinson could not be found. The burden then, for a timely pretrial application for a continuance was on the appellant. Other potential witnesses were present and available to be called and could have given substantially the same testimony that Marie Robinson supposedly would have given. They were not called so that the defendant was not prejudiced in going to trial without Marie Robinson as a witness.

Appellant also contends it was error to admit evidence of the telephone conversations. With this we cannot agree. The evidence with relation to the appellant was not prejudicial and the voice was properly identified. *Com. v. Bruno,* 203 Pa. Superior Ct. 541, 201 A. 2d 434 (1964).

Another alleged error was the admission of statements made by another one of the defendants not in the presence of the appellant. The testimony objected to was that concerning statements made by Marie Robinson while in the bedroom with the arresting officer. The record clearly establishes a conspiracy between the two defendants to commit these unlawful acts and were made while attempting to carry out the common design and therefore their admission is not error. *Com. v. Ellsworth,* 409 Pa. 505, 187 A. 2d 640 (1963).

Finally, appellant contends the evidence presented was insufficient to warrant convictions. The record proves otherwise. Appellant arranged the appointment, introduced the officer to the girls, assigned the rooms, owned the premises and was to receive the payment.

*Com. v. Silia,* 194 Pa. Superior Ct. 291, 166 A. 2d 73 (1960). The lottery paraphernalia was in the premises owned by appellant and under her control. *Com. v. Fiorini,* 202 Pa. Superior Ct. 88, 195 A. 2d 119 (1963).

Judgments affirmed.