Commonwealth *v.* Reeder, Appellant.

338

Submitted March 17, 1971.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

· *Anne Welsh* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Norris E. Gelman* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 30, 1971:
Judgment of sentence affirmed.

―――――

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent.

Appellant, Clyde Reeder was found guilty of possession of narcotics by the Honorable Charles J. MARGIOTTI of the Court of Common Pleas of Philadelphia, sitting without a jury.   Post-trial motions were denied and sentence imposed.   This appeal followed.

Although the details are in dispute, the following events occurred on the night of February 28, 1970: Officers Messaros and Boston of the Philadelphia Police Department were driving in an unmarked Highway Patrol car through a section of North Philadelphia. Appellant was seen by the officers standing directly in front of and looking in a window at 1607 North 18th Street. The window screen had been torn away. They apparently suspected him of burglary and he was subsequently taken into custody and searched. A container of heroin was discovered on his person. Appellant was tried solely on the narcotics charge and the "burglary" was not investigated further.

At appellant's preliminary hearing, Officer Boston testified that he had seen a black man looking into the window at the above address. He further testified that he did not see the man either with his hands inside the screen or on the window itself. Although Officer Messaros did not testify at the preliminary hearing, he did testify at trial. He stated that he had seen appellant in front of the window with his hands actually *inside* the screen. The remainder of his testimony was consistent with the testimony given by Boston at the hearing.

Immediately after Officer Messaros' testimony, counsel for appellant requested a day's continuance in order to bring Officer Boston before the court to question him as to his version of the facts. Although the testimony given at the hearing had not been officially transcribed, the handwritten notes of the Defender present at the hearing were available to trial counsel. On the basis of these notes, counsel argued that the discrepancy in the two accounts of the incident cast doubt upon the Commonwealth's credibility regarding probable cause for appellant's arrest. The motion for a continuance was denied. Counsel then requested a

continuance for time to either call the attorney who had made the notes or until the official notes could be transcribed. These motions were also denied.

Appellant contends, *inter alia,* that given these circumstances, the trial court abused its discretion in not granting a continuance. I agree.

The Commonwealth's contention that "it is apparent from the trial record that nothing relevant could have been produced had Officer Boston testified" is dubious, at best. The court was well aware of the discrepancy in the testimony. The request for a continuance was not frivolous, and in fact quite relevant to a fair determination of a factual issue in dispute.

There was no reason to suspect that defense counsel merely made the motion as a delaying tactic since it is clear that the Defender Association had requested the notes of the hearing on the very day that appellant was first interviewed. Two weeks later at the first listing of the case, the notes were still unavailable. Finally, the court could easily have ordered the notes immediately transcribed thereby creating at most a week's delay. Given the compelling and justifiable circumstances, I believe the refusal to grant the continuance was unwarranted and an abuse of discretion. See *Commonwealth v. Drew,* 190 Pa. Superior Ct. 478, 154 A. 2d 285 (1959).

I would vacate the judgment of sentence and grant appellant a new trial.

HOFFMAN, J., joins in this dissenting opinion.