Commonwealth *v.* Riddick, Appellant.

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John E. Roberts,* Assistant Public Defender, for appellant.

*Dean L. Foote,* for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., February 27, 1975:

After a jury trial, the appellant, Charles Pernell Riddick, was convicted on charges of trafficking in narcotic drugs and conspiracy. Following the denial of post-trial motions and sentencing, appellant filed a direct appeal to our Court.

In his first claim of error, Riddick alleges that the lower court erred in allowing the case to go to trial after it was discovered that one of the jurors chosen had previously served as a juror in a trial involving similar charges against the appellant. The record shows that after the jury was chosen the court announced a a noon-hour recess. During the recess, the District Attorney's office discovered from its records the juror's prior service as related above.

The lower Court Judge called prosecution and defense counsel into chambers and explained the problem. The juror in question was called into the conference and explained that she did not recollect the earlier trial and had not discussed her prior jury experience with any other juror. In view of these facts, the court and prosecution and defense counsel all agreed that the juror should simply be removed and replaced by another juror. The court then explained to the jury that one of their number had to be excused for "personal reasons." In view of defense counsel's acquiescence in this procedure, the precautions followed by the court in assuring no "taint" of the other jurors, and the complete lack of

prejudice to appellant in the whole incident, we must dismiss the first claim of error.

Next, Riddick argues that the lower court abused its discretion in not granting a defense request for a continuance to arrange for a witness to be subpoenaed. The request for a continuance came in the middle of the trial, after the Commonwealth had rested its case and a defense demurrer had been denied. The witness in question was an alleged co-conspirator of Riddick in the criminal acts which were the subjects of the instant prosecution.

Rule 301(b) of the Pennsylvania Rules of Criminal Procedure provides that "[a]n application for continuance on behalf of the defendant shall be made not later than forty-eight (48) hours before the time set for the trial. A later application shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the application, or the interests of justice require it." It is well established that the lower courts have discretion in the grant or refusal of a continuance and an abuse of discretion must be apparent before such a decision will be reversed on appeal. *Commonwealth v. Smith*, 442 Pa. 265, 275 A. 2d 98 (1971); *Commonwealth v. DiPasquale*, 431 Pa. 536, 246 A. 2d 430 (1968); *Commonwealth v. Simpson*, 222 Pa. Superior Ct. 296, 294 A. 2d 805 (1972).

In the instant case no timely request for continuance was made. Although the defense may have guessed that the Commonwealth would call the co-conspirator, it had no basis for such speculation as this individual's name did not appear in the space on the indictments for the listing of the Commonwealth's witnesses, although the names of other witnesses who testified did so appear. Moreover, the appellant entered his plea of not guilty some eight months prior to trial and thus had plenty of time to arrange to secure the presence of desired de-

fense witnesses. We find no abuse of discretion in the denial of a continuance under these circumstances. See *Commonwealth v. David,* 209 Pa. Superior Ct. 169, 225 A. 2d 255 (1967).

Lastly, Riddick alleges error in the lower court's charge to the jury. It is clear from the record that no exceptions were taken at the time of trial to the matters raised by this claim on appeal. In view of absence of such timely exceptions, we cannot consider this final argument of the appellant. See Pennsylvania Rule of Criminal Procedure 1119(b), *Commonwealth v. Carbonetto,* 455 Pa. 93, 314 A. 2d 304 (1974) ; *Commonwealth v. Watlington,* 452 Pa. 524, 306 A. 2d 892 (1973).

Affirmed.